**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| **UNITED STATES OF AMERICA** |
| |
| **v.** |
| |
| **FATHALLA MASHALI,** |
|                  Defendant. |
| |

**No. 1:14-mj-06022-LTS-1**

**DEFENDANT'S MOTION FOR RELEASE ON CONDITIONS**
**AND INCORPORATED MEMORANDUM OF LAW**

The defendant, Fathalla Mashali ("the defendant"), by and through undersigned counsel, hereby respectfully moves this Honorable Court to grant him pretrial release pursuant to 18 U.S.C. § 3142.  In addition to the statutory conditions, he proposes that the Court impose the following specific conditions:

1.  To maintain his current Massachusetts residence;

2.  To wear a GPS electronic monitoring bracelet;

3.  To remain gainfully employed, to the extent practical, given the charges against him and attendant professional licensure issues;

4.  To surrender his passport and refrain from attempting to obtain another;

5.  To check in with PTS by telephone, or in person, as often as is deemed necessary;

6.  To have periodic unannounced visits/searches of the premises at his current Massachusetts residence located at [redacted][1];

---

[1] Home address redacted pursuant to Fed. R. Crim. P. 49.1.  Counsel will provide the appropriate parties (Pretrial Services, U.S. Probation, and/or the U.S. Marshal Service) with the street address as required.

7. To restrict visitors to his residence to a (PTS) pre-approved list of close family members, select friends with no criminal history, and his wife and children;

8. To not possess or use controlled substances, and be subject to random on-site drug screenings;

9. To execute an appearance bond in appropriate amount to ensure his appearance(s) as required in Court, to be secured by a pledge of his marital residence located at [redacted][2], which residence has equity of approximately two million dollars ($2,000,000.00)[3], and which documents will be executed by all necessary parties;

10. His wife, Dr. Noha Mashali, agrees to act as a third party custodian and to report any violations of the conditions of release; and

11. To abide by any and all other conditions recommended by PTS.

In support of his application, the defendant avers that, subject to these conditions or combination thereof, he neither poses a risk of flight nor constitutes a danger to the community. The defendant maintains that his release on conditions, including providing the collateralized appearance bond, will assure the safety of the community and any member thereof, and his appearance in court, given his lack of a prior criminal record and his character and standing in the community as reflected in the many letters of support (attached collectively hereto as Exhibit 1) from individuals who know him best.

## BACKGROUND OF THE DEFENDANT

The defendant is a physician, permanent resident of the United States, and a U.S. military veteran with strong ties to his local community, a supportive and close extended network of

---

[2] Id.
[3] Documents relating to posting of the marital residence as collateral for bond (certification of title, appraisal, mortgage, escrow agreement, and quitclaim deed) are have been prepared, and will be provided to the Clerk upon granting of the instant motion, and/or prior to the defendant's release from custody.

family and friends, and no record of criminal convictions. Although he is accused of participating in Health Care Fraud, See 18 U.S.C § 1347, which carries a maximum penalty of ten (10) years in prison, the defendant's lack of any prior record, character, honorable service as an officer in the United States Army, etc., supra, forcefully rebut the presumption of pretrial detention.

As the letters of support speak for themselves, they will not be reiterated at great length herein, except to emphasize that he is a dependable man, devoted to his family, friends, and patients, whose promises mean something.

The defendant received a substantial part of his medical training and education in the United States, is married to a periodontal dentist who is a U.S. citizen, with four (4) minor children, all of whom are U.S. citizens and are enrolled in local private schools. He is devoted to this family. Upon his release, his primary responsibility will be caring for the children, as his wife, the periodontal dentist, will need to devote additional time to her practice to try to compensate for the loss of revenue the family will have to endure from the defendant's inability to continue to practice medicine.

## ARGUMENT

The Bail Reform Act of 1984 mandates that a district court must order pretrial release unless it finds that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community. United States v. Ploof, 851 F.2d 7, 11 (1st Cir. 1988). When the district court determines that probable cause exists "to believe that the [defendant] committed an offense for which the maximum term of imprisonment of ten years or more" is proscribed, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community.

United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988) (per curiam); 18 U.S.C. § 3142(e).  "[T]he presumption serves to shift the burden of production and to require that the defendant introduce **some evidence** to the contrary.  The government retains the burden of proving that no condition will reasonably assure the defendant's appearance."  United States v. O'Brien, 895 F.2d 810, 815 (1st Cir. 1990) (emphasis added) (internal quotations and citations omitted).  Here, substantial evidence exists revealing that this defendant poses no risk of flight or danger to the community, though the government is not apparently relying upon the second prong, "dangerousness" for detention.

**A.      The Defendant Poses No Danger to the Community**

It appears to be uncontroverted that the defendant poses no threat to the community, nor anyone therein, particularly in light of the proffered conditions of release and a full consideration of the factors described in 18 U.S.C. § 3142(g)[4].

**B.      The Defendant Poses No Risk of Flight**

Apart from the issue of dangerousness, this Court also must consider whether any conditions or combination of conditions will reasonably ensure his appearance as required.  18 U.S.C. § 3142.  Consistent with prior case law from this Circuit and the facts of this particular

---

[4] The factors under 18 U.S.C. § 3142(g) include the following;
**1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;
**(2)** the weight of the evidence against the person;
**(3)** the history and characteristics of the person, including--
**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

case, the defendant poses little/no reasonable risk of flight, particularly given the various proposed conditions existing to ameliorate flight risk.  Despite the fact that he was arrested at Logan Airport, the defendant had not been charged with any crimes at that time, and was under no legal prohibition against travel outside the United States, and in fact, was travelling for legitimate business purposes.[5]  There is utterly no evidence that his trip was designed to avoid prosecution; that would be absolute conjecture.  He will surrender his passport, and is willing to submit to any additional monitoring conditions necessary to assure he remains within Massachusetts, and appears in court as required.

Certainly, the case of United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990) is illustrative of the fact that the defendant here does not pose a higher, or even equivalent, risk of flight than other alleged offenders who have been granted release on conditions.  In O'Brien, a case in which the defendant actually faced a mandatory minimum ten year prison sentence, the government charged a high level Drug Enforcement Administration ("DEA") agent with various narcotics offenses following a sting operation.  O'Brien, 895 F.2d at 810.  Considering the question of whether or not the DEA agent was a flight risk, the district court ultimately concluded that conditions such as the posting of his Virginia home as a surety and strict electronic monitoring were sufficient to ensure his appearance as required.  Id. at 811.  The district court granted him pretrial release on those conditions despite noting that the defendant also possessed the knowledge to hide undercover and had strong ties to France, supra.

Another issue the defendant asks the Court to consider, which will be more fully addressed and expounded upon in court at the defendant's detention hearing, is the level of

---

[5] Dr. Mashali was travelling to Egypt to attempt to remedy a situation wherein periodic payments being made to him arising out of a business investment, which monies were necessary to continue to fund his legal defense, were no longer arriving as promised. He had been unable to resolve the problem long distance.  He had a return flight ticket to the U.S. in the near future.

cooperation the defendant has been attempting to provide the United States Government relative to certain vital national interests.  This further strongly suggests it is the defendant's intention to deal with the issues he is presently facing rather than flee; as does the fact that the defendant has expended considerable funds to retain undersigned counsel as well as legal counsel in Washington, D.C. to effectuate the anticipated defense of this case and in attempting to assist the U.S. government, all at a time when liquid assets are in short supply for his family.  These are hardly the actions of a man who does not intend to stay the course and see the legal process through.[6]  A man married to a medical professional who is an American citizen, in a solid marriage, has four children who are American citizens and who really only know America as their home and Americans as their friends.  A man who has been here many decades and who has profoundly embraced the dreams of America for himself and his loved ones, and who honorably served his country as a Captain in the United States Army.  And he is extremely motivated to be released and to defend his life.

## CONCLUSION

The defendant respectfully moves for pretrial release on the conditions requested above, or some other combination of conditions deemed acceptable by the Court and Pretrial Services and/or Probation.

---

[6] It is anticipated that the government will suggest that the defendant suffers from some mental illness.  Please understand that the defendant did suffer a mild reactive depression when the federal criminal investigation commenced, including the imminent destruction of his medical practices. But, he is not now, or ever has been actually suicidal, is not now on suicide watch, and to suggest otherwise would be mere conjecture. What is not conjecture is his motivation to gain his release and defend his name and reputation.  He does, however, suffer from some significant physical vice mental problems which are far more amenable to treatment outside the jail context.

Dated: February 13, 2014                   Respectfully submitted,
                                           FATHALLA MASHALI
                                           By and through his attorneys,


                                            /s/  *Jeffrey A. Denner*
                                           Jeffrey A. Denner, BBO#120520
                                           J. A. Denner & Associates, P.C.
                                           Four Longfellow Place, 35th Floor
                                           Boston, Massachusetts 02114
                                           Tel.:   (617) 227-2800
                                           Fax:    (617) 973-1562
                                           jdenner@dennerlaw.com


<u>Certificate of Service</u>

I, Jeffrey A. Denner, hereby certify that on this the 13th day of February 2014, I caused a true copy of the foregoing *Defendant's Motion for Release on Conditions* to be served upon all necessary parties by virtue of electronically filing the same via the CM/ECF system.

                                            /s/  *Jeffrey A. Denner*
                                           Jeffrey A. Denner