UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. NO. 14-10067-RWZ |
| | ) | |
| FATHALLA MASHALI | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO**
**AMEND CONDITIONS OF RELEASE**

On February 19, 2014, after holding an evidentiary hearing, the Court ordered the defendant, Fathalla Mashali ("Mashali"), detained pending trial based upon the Court's conclusion that "Mashali poses a serious risk of flight." [D. 13]. On March 24, 2014, Mashali appealed this Court's detention order to the District Court [D. 23], and on April 4, 2014, he filed a memorandum in support of the appeal [D. 26, *see* D. 30 (subsequently restyling the appeal as a motion for reconsideration)]. The Court held a hearing on the matter on April 17, 2014, taking testimony from two defense witnesses [D. 36], and re-convening for oral arguments on May 5, 2014. [D. 47].

On May 6, 2014, the Court allowed Mashali's motion, but noted that "[s]everal facts support a risk of flight concern" and further stated that "the only possible set of release conditions would be strict conditions and a secured bond." [D. 48]. Mashali had proposed posting both the family home (approximately $2 plus million in equity) and a property in Florida with equity of approximately several hundred thousand dollars. The Court rejected the proposal outright, finding it insufficient and ordered a comprehensive review of all the assets held by Mashali and his

immediate family, including his children. The five million dollar bond was to be secured from each and every asset listed.[1]

The Court reviewed the bail package submitted by Mashali and scheduled a release hearing for June 5, 2014. [D. 61]. The $5 million dollar bond was secured by Mashali's retirement accounts worth approximately $95,000 in cash. The bond was also secured by Mashali's interest in several properties, including an estimated $500,000[2] in equity in a property located at 150 Dedham Street in Dover.

Since the Court's decision, the secured portion of the bail package has diminished significantly. It was subsequently learned that the $95,000 in retirement funds had been enjoined from disbursement[3] since April 3, 2014. [D. 75, 78]. Further, it has most recently come to the government's attention that the estimated $500,000 in equity from the Dover property will not be available to secure the bond.[4]

In scheduling the release hearing, the Court relied on these assets as security for the bond. Mashali now wants to be relieved too from the conditions of release fashioned by the Court, specifically home detention. The government objects to the proposed modification as it is inconsistent with the Court's clear concern regarding risk of flight and imposition of "strict conditions." This is particularly true since the bond is now secured by a diminished amount not initially revealed to the Court when it scheduled the release hearing.

---

[1] The Court later decided to release the Rhode Island property from the security as it appeared to have no value.
[2] Mashali noted that the $500,000 mortgage was owned by Dedham Dover LLC, an entity owned by the Mashalis. Although there were additional liens on the property, it was "anticipated that $500,000 in equity [would] remain" in the property. *See* Bail Package, Exhibit 1, note 3.
[3] This matter remains unresolved in Massachusetts Superior Court.
[4] The details of this are still unclear.

2

For the aforementioned reasons, the Court should deny Mashali's Motion.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney
District of Massachusetts

By:  /s/ Kimberly P. West
Kimberly P. West
Maxim Grinberg
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

/s/ Kimberly P. West
Kimberly P. West
Assistant United States Attorney

Date: October 8, 2014