UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
14-cr-10067-
RWZ

UNITED STATES OF AMERICA

v.

FATHALLA MASHALI

**ORDER ON EXCLUDABLE TIME**

December 8, 2014

Kelley, U.S.M.J.

An initial status conference was scheduled for December 8, 2014. On December 5, the defendant filed an assented-to motion to continue the conference, stating that defense counsel was not available December 8. The Court allowed the motion and continued the conference to December 18, 2014 at 2:30.

The parties have agreed that the time between December 8 and December 18 should be excluded under the Speedy Trial Act. Accordingly, it is hereby ORDERED that, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) and Section 5(b)(7)(B) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective December 2008) and Local Rule 112.2(a)(1), the Clerk of this Court enter excludable time for the period from December 8, 2014, to December 18, 2014.[1]

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the

     /s/ M. Page Kelley
M. PAGE KELLEY
United States Magistrate Judge

---

Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).