**UNITED STATES DISTRICT
COURT DISTRICT OF
MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 14-10067-RWZ |
| | ) | |
| | ) | |
| FATHALLA MASHALI | ) | |
| | ) | |

**JOINT INTERIM STATUS REPORT**

The parties in the above-captioned matter submit this interim status report pursuant to Local Rule 116.5(b):

1. The government has provided automatic discovery.

2. The government will provide additional discovery as it obtains additional relevant information.

3. There is discovery that is now available to be produced largely relating to Compu Group and Health Fusion Medical Records that requires defendant to be able to access these so-called pristine files that exist on their respective databases. The defense and government continue to speak upon how to work out a methodology for the defense to access the forgoing. And, the defense will make any additional discovery requests within 30 days after it is able to obtain and read the discovery referred in para. 2, above.

4. At this time, the parties are not seeking any protective orders.

5. Any motion to dismiss or other substantive, evidentiary motions will be filed within 30 days of the receipt of the additional discovery, *inter alia,* per para. (3), above.

6. If the case proceeds to trial, the government will make expert disclosures 30 days before trial, and the defense will make expert disclosures 15 days before trial.

7. At this point, the defense does not intend to be asserting defenses of insanity, public authority, or alibi.

8. As the court has been made aware, the defendant's physical and mental condition have

deteriorated dramatically since the last interim status conference.  He was hospitalized in Beth Israel for several weeks, including an extensive stay in the Intensive Care Unit essentially on life support.   His primary condition is a sarcoidosis, which contributed to complete liver failure.  At this point, he has been transferred from Beth Israel to EpOCH Rehab in Chestnut Hill, where he remains under significant medical care.

At this point, as it appears that his physical condition remains very tentative and significantly deteriorated and his mental state remains confused and largely disoriented with what appears to be significant loss of cognitive function, including memory.  The defense expects that it may well be filing a motion relative to the defendant's competence to stand trial, but will not do so until the defense has a better sense of his progress/improvement or lack thereof, over the next relative increment of time.

The original indictment issued against Mashali on March 3, 2014.  [D.19].  The first superseding indictment issued on October 16, 2014. [D. 97].  The second superseding indictment issued on April 15, 2015, and Mashali initially appeared and was arraigned on that indictment on April 22, 2015 [D. 131, 135].  The Court excluded all the time following the initial and first superseding indictments, and also excluded the time from April 22, 2015 until September 10, 2015. [D. 136, 153].  The parties believe that all of the time that has not yet been excluded, including the time until the next status conference, should be excluded in the interests of justice under 18 U.S.C. § 3161(h)(7)(A), as the parties continue to resolve discovery issues and, according to the defense, Mashali has experienced a medical condition that has prevented and continues to prevent him from participating meaningfully in preparing the case for trial.

9. The parties have not had discussions about resolving the case short of trial.   The trial is likely to last approximately 3-4 weeks.

10. The parties request a further Interim Status Conference date 60 days out.

Respectfully submitted,

Carmen M. Ortiz
United States Attorney

By: /s/ Maxim Grinberg                        /s/ Jeffrey A. Denner
    MAXIM GRINBERG                      JEFFREY A. DENNER
    KIMBERLY WEST                         Counsel for Defendant
    Assistant U.S. Attorneys

2

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jeffrey A. Denner
JEFFREY A. DENNER
Counsel for Defendant

Date: September 9, 2015