UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Criminal No. 14-10067-RWZ |
| **FATHALLA MASHALI,** | |
| Defendant. | |

## DEFENDANT'S MOTION TO DETERMINE COMPETENCE AND INCORPORATED MEMORANDUM OF LAW

The Defendant, Fathalla Mashali ("the Defendant"), by and through undersigned counsel, respectfully requests that this Honorable Court, Zobel, J, order, pursuant, inter alia, to the Due Process Clause of the Fourteenth Amendment, 18 U.S.C. §4241, and relevant decisional law – e.g. Godnez vs. Moran, 509 U.S. 396 (1993)[1], and Medina vs. California, 505 U.S. 437 (1992)[2] and United States vs. Patel, 524 F. Supp. 2d 107, (DMASS, 2007)[3] a hearing to determine the mental competence of the Defendant, Fathalla Mashali. The Defendant, through counsel, contends that reasonable cause exists to believe that he may presently be suffering from a mental disease or defect rendering him mentally incompetent in that he is unable to understand the nature and consequences of the proceedings against him or to assist in his defense. In support hereof, the Defendant attaches as Exhibit 1 the "Consultative Examination Report" authored by Richard Stellar, Ed.D. working on behalf of the Massachusetts Rehabilitation Commission Disability Determination Services in late May 2015, as Exhibit 2 an affidavit recently authored by the wife of the defendant, Dr. Noha Elkadry Mashali, and as Exhibit 3 the affidavit of your

---

[1] Godinez holds that a criminal defendant must be competent when tried.
[2] Medina holds that a criminal trial of an incompetent defendant, violates due process.
[3] Patel holds that a hearing must be held, where requested and where reasonable cause therefore exist, to determine competence.

undersigned counsel, Jeffrey A. Denner. Considered together, they paint a portrait of a defendant with significant and deteriorating cognitive deficit and underlying psychopathology in conjunction with a severe and progressively debilitating medical illness - non-pulmonary sarcoidosis, all of which collectively have ravaged his mind (and body) to a point of incompetency to stand trial[4].

It is respectfully submitted, that all of the forgoing clearly establishes the requisite "reasonable cause" to believe that the Defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent", herewith particular regard to the Defendant's capacity to assist defense counsel, investigator, and experts in the conduct of his defense.

The Defendant expects to be evaluated by an expert neuropsychologist to adduce further evidence for any hearing to be held, to determine competency. He also understands that he may well be examined prior to such hearing by Government expert(s) as well, if not by an expert

---

[4] Your undersigned counsel has entertained mounting doubts over the approximately past six months of the Defendant's capacity to assist in his own defense. His apparent ability to recall events relevant to the subject indictment, to focus on the questions I have been asking him, and at times to even stay awake during our meetings, has been declining even before his recent liver failure which resulted in him being hospitalized, unconscious, unresponsive, and being put on life support for an approximate week in the Intensive Care Unit, three additional weeks in the main population of this hospital, several weeks in a rehabilitation hospital followed by an approximate one week stay in a locked psychiatric ward of still another hospital. His condition has dramatically deteriorated subsequent to this event; he sleeps almost continuously at home, awakening to be taken to outpatient, medical and psychological appointments (and is usually provided with multiple cups of coffee to keep him awake for the appointments; is in a state of confusion for the majority of his waking time; is unable to walk unaided by a walker or wheelchair; and seems to remember very little of what he has just been told or of his more distant past life. The individual described by Dr. Stellar, in the report attached hereto as Exhibit 1 of May, 2015, has degraded significantly in cognitive spheres attendant to his recent illness and hospitalization both psychologically and mentally and, with particular regard to memory and reasoning. The observations of his wife, Dr. Elkadry Mashali, contained in Exhibit 2 hereto, corroborate the foregoing as well.

It is my understanding that Dr. Elkadry Mashali is intending to have a conservator or guardian, presumably herself, to be appointed to manage all of the Defendant's affairs.

appointed by the Court itself.  The Defendant will also be obtaining a complete record of all medical/psychological treatment for any such hearings.

Accordingly, the Defendant respectfully requests that such a hearing be ordered by this Honorable Court and for any other relief or order as may be deemed appropriate.

Dated: December 2, 2015

Respectfully submitted,
FATHALLA MASHALI
By and through his attorneys,

 /s/  *Jeffrey A. Denner*
Jeffrey A. Denner, BBO#120520
J. A. Denner & Associates, P.C.
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
Tel.:    (617) 227-2800
Fax:    (617) 973-1562
jdenner@dennerlaw.com

Certificate of Service

I, Jeffrey A. Denner, hereby certify that on this the 2nd day of December 2015, I caused a true copy of the foregoing *Defendant's Motion to Determine Competence and Incorporated Memorandum of Law* to be served upon all necessary parties by virtue of electronically filing the same via the CM/ECF system.

 /s/  *Jeffrey A. Denner*
Jeffrey A. Denner