**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 14-10067-RWZ |
| | ) | |
| **FATHALLA MASHALI** | ) | |

**ASSENTED-TO MOTION FOR ORDER GRANTING ENDS-OF-JUSTICE CONTINUANCE AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT FROM JANUARY 13, 2016 THROUGH AND INCLUDING MARCH 8, 2016**

The government, with the assent of the defendant, moves this Honorable Court for an order continuing the time within which the trial must commence and excluding the time from January 13, 2016 (the last date until which the time has been excluded [D. 181, 195]) through and including March 8, 2016 on the ground that the requested continuance and exclusion are the result of the "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" to stand trial, 18 U.S.C. § 3161(h)(1)(A), and because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A).[1]

---

[1] "[I]t has been held that the section 3161(h)(1)(A) exclusion itself begins when a motion to determine competency is filed." United States v. Noone, 913 F.2d 20, 25 (1st Cir. 1990), citing United States v. Howell, 719 F.2d 1258, 1262 (5th Cir. 1983), cert. denied, 467 U.S. 1228, 104 S.Ct. 2683, 81 L.Ed.2d 878 (1984) and Committee on the Administration of the Criminal Law, Judicial Conference of the United States, Guidelines to the Administration of the Speedy Trial Act of 1974, as Amended ["STA Guidelines"], at 30.

In particular, the continuance and the excludable delay are necessary because on December 2, 2015 defense requested, and on December 3, 2015 the Court allowed, a hearing on the defendant's mental competency to stand trial.  [D. 179, 180].  Since December 3, 2015, after the defense provided the government with a preliminary list of the defendant's health care providers, the government applied for, and obtained, orders from the Court allowing the government to obtain the defendant's medical and psychiatric records.  The parties also interviewed, and agreed upon, Dr. Alison Fife, a psychiatrist, to evaluate the defendant.  Dr. Fife is in receipt of the defendant's medical and psychiatric records the government has obtained pursuant to the Court's orders.  Dr. Fife will meet and evaluate the defendant on March 7, 2016, although she may decide to meet the defendant on more than one occasion.  The parties are also close to interviewing and selecting a neuropsychologist who will assist Dr. Fife.  Due to defense counsel's recent car accident, this interview has been postponed.  [D. 202].  As soon as defense counsel is able to do so, the parties plan to interview the neuropsychologist.  The next status conference in this matter is scheduled on March 8, 2016.

Wherefore, the government, with the assent of the defense, moves for the exclusion of time under the Speedy Trial Act until and

including March 8, 2016, as the additional time has been utilized to prepare for the defendant's competency hearing.

                                      Respectfully submitted,

                                      CARMEN M. ORTIZ
                                      United States Attorney

                                 By:/s/ Maxim Grinberg
                                      MAXIM GRINBERG
                                      Assistant U.S. Attorney

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                 By:  /s/ Maxim Grinberg
                                      MAXIM GRINBERG
                                      Assistant U.S. Attorney

Date: February 22, 2016