**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | Criminal No. 14-CR-10067 |
| ) | |
| FATHALLA MASHALI         ) | |

**GOVERNMENT'S MOTION FOR A HEARING RE STATUS OF DEFENDANT'S COMPETENCY EVALUATION**

The United States of America, by and through Assistant U.S. Attorney Maxim Grinberg, hereby moves the Honorable Court to convene a hearing for the purpose of determining the status of the defendant's evaluation for competency to stand trial and establishing whether it is appropriate at this time to conduct said evaluation in the custody of the Attorney General, pursuant to 18 U.S.C. §§ 4241 and 4247(b).

The federal mental competency statute allows for the mental competency examination to take place in the custody of the Attorney General "for a reasonable period, but not to exceed thirty days." 18 U.S.C. § 4247(b). The statute directs that, at the end of the evaluation period, "a psychiatric or a psychological report . . . shall be prepared by the [court appointed] examiner . . . [and] shall be filed with the court." *Id.* § 4247(c); *accord id.* § 4241(b). If the Court determines by

1

a preponderance of the evidence that the defendant is incompetent to stand trial, the Court "shall commit the defendant to the custody of the Attorney General." *Id.* § 4241(d). "The Attorney General shall hospitalize the defendant for treatment in a suitable facility [] for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." *Id.* § 4241(d)(1).

The defense moved for a mental competency evaluation on December 2, 2015 [D. 179]. At the status conference on December 3, 2015, the government elected not to seek the defendant's evaluation in the Attorney's General custody under 18 U.S.C. § 4241. The defense represented that the defendant would be amenable to and compliant with an outpatient evaluation. The Court allowed the parties to jointly choose a forensic psychiatrist. The parties chose, and the Court appointed, Dr. Alison Fife in that capacity. The defendant also insisted on being examined by a neuropsychologist based on his alleged condition of neurosarcoidosis.[1] The parties agreed that Dr. Fife

---

[1] This self-reported of condition of neurosarcoidosis, as opposed to sarcoidosis, appears to be unconfirmed.

2

would recommend an appropriate neuropsychologist and that the parties would interview said neuropsychologist. In early February 2016, Dr. Fife recommended such a neuropsychologist to the parties. The government has been unsuccessful in its effort to schedule with defense counsel a joint interview of this neuropsychologist, who had indicated his availability to be interviewed as early as February 15, 2016.[2] In the meantime, on February 5, 2016, Dr. Fife informed the defense of several dates, from February 13 through March 7, 2016, on which she could meet with the defendant for the purpose of evaluating him for the first time. The defense chose the latest date, March 7, 2016, which delayed the progress of the mental competency evaluation by almost one month.

On March 9, 2016, the government made the Court aware of Dr. Fife's impressions after meeting the defendant. The parties informed the Court of a joint recommendation, which the Court adopted, that the defendant voluntarily self-commit to an appropriate medical and psychiatric facility with a locked psychiatric ward, such as McLean Hospital, with the additional condition of release that the defendant cannot voluntarily leave

---

[2] Defense counsel had an accident that prevented him from conducting that initial interview, but there appears to be no reason now to keep delaying the selection of a neuropsychologist.

3

the facility without providing the Court and the government with a one-week notice. The parties further agreed, and the Court accepted the proposal, that:

> 1. the defendant obtain Dr. Fife's approval of the facility where he intends to self-commit;
>
> 2. the defendant or the government provide said facility with all of the defendant's medical and psychiatric records obtained thus far pursuant to the Court's orders;
>
> 3. the defendant make available all medical and psychiatric records from such a facility to Dr. Fife for examination.

On March 8, 2016, Dr. Fife provided the defense with guidance as to how to self-commit in the most expeditious manner. She suggested a referral from a primary care provider or, as the most efficient option, to stay exactly at the facility where the defendant was situated at the time.

To the best of the government's knowledge, the defendant has not followed through on the proposal and has not been committed to any facility approved by Dr. Fife. Concerned with the defendant's status, on Friday, March 18, 2016, the government reached out to the defense and Dr. Fife to schedule a conference call to follow-up on the defendant's status and whereabouts and to elicit Dr. Fife's input. While Dr. Fife suggested times for both that Friday and the following Monday, March 21, 2016, the defense has not responded. On March 22,

4

2016, the defense indicated to the government that the defendant still has not been committed to an appropriate facility. Thus, about three and a half months after the defendant moved to be evaluated, no meaningful evaluation has taken place up to this point. Moreover, more than two weeks after an agreed upon proposal that the defendant would voluntarily commit himself to an appropriate facility he has not done so.

It is also troublesome that at this stage, based on Dr. Fife's observations and other medical records available to the government, malingering cannot be ruled out as contributing to the defendant's purported deteriorating condition. A summary of this information, provided by an insurance company evaluating the defendant's disability claim, is provided herein under seal.

Given the lack of progress with the competency evaluation, the government moves the Honorable Court to conduct a hearing, with telephonic participation by Dr. Fife, who can provide first-hand knowledge of the matter to the Court and the parties.[3] Based on the information provided by Dr. Fife at that time, the government may move to evaluate the defendant in the custody of the Attorney General pursuant to 18 U.S.C. § 4241.

---

[3] Dr. Fife and undersigned counsel are both available at the following times: March 28 at 10 AM, noon, or 2 PM; March 31 at 3 PM; and April 1 at 3 PM.

          Respectfully submitted,

          Carmen M. Ortiz
          United States Attorney

By: /s/ Maxim Grinberg
    MAXIM GRINBERG
    Assistant U.S. Attorney


**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

          /s/ Maxim Grinberg
          MAXIM GRINBERG
          Assistant United States Attorney


Date: March 22, 2016