UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 14-10067-RWZ |
| ) | |
| FATHALLA MASHALI ) | |

### GOVERNMENT'S MOTION FOR AN ORDER AUTHORIZING DR. ALISON FIFE TO ACCESS DEFENDANT'S MEDICAL AND PSYCHIATRIC INFORMATION

The United States of America, by and through Assistant U.S. Attorney Maxim Grinberg, moves the Court for an Order authorizing Dr. Alison Fife to access the defendant's medical and psychiatric "protected health information" under 45 C.F.R. § 164.512(e)(i).

On December 2, 2015, the defendant filed a motion seeking a competency hearing under 18 U.S.C. § 4241. In the motion, defense counsel stated that the defendant suffered from "significant and deteriorating cognitive deficit and underlying psychopathology in conjunction with a severe and progressively debilitating medical illness—non-pulmonary sarcoidosis, all of which collectively have ravaged his mind (and body) to a point of incompetency to stand trial." [D.179 at 1-2]. The Court allowed the motion and appointed Dr. Alison Fife as a forensic psychiatrist to evaluate the defendant for competency to stand trial. On March 9, 2016, the Court adopted the parties' recommendation that the defendant voluntarily self-commit to an appropriate medical and psychiatric facility with a locked

psychiatric ward, with the additional condition of release that the defendant cannot voluntarily leave the facility without providing the Court and the government with a one-week notice.  The parties further agreed, and the Court accepted the proposal, that:

> 1. the defendant obtain Dr. Fife's approval of the facility where he intends to self-commit;
>
> 2. the defendant or the government make available to said facility all of the defendant's medical and psychiatric records obtained thus far pursuant to the Court's orders; and
>
> 3. the defendant make available all medical and psychiatric records from such a facility to Dr. Fife for examination.

Dr. Fife informed the parties that upon the defendant's placement in a facility approved by her, she will be available to consult with the defendant's health care providers at that facility, review the defendant's medical records, and monitor the defendant's progress.

On March 23, 2016, the government learned that the defendant was placed at Beth Israel Deaconess Medical Center, a facility approved by Dr. Fife.  Dr. Fife indicated that, with a proper authorization, she would be available to visit the defendant and follow up on his care.

The federal regulations authorize the disclosure of "protected health information" "to the extent such use or disclosure is required by law and the use or disclosure complies with and is limited to the

relevant requirements of such law." 45 C.F.R. § 164.512(a). Pertinent to the case at hand, the disclosure is authorized "in the course of any judicial or administrative proceeding" "[i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order." *Id.* § 164.512(e)(1).

To comply with her mandate to evaluate the defendant's mental competency to stand trial under 18 U.S.C. § 4241, Dr. Fife requires access to all of the defendant's medical and psychiatric information at Beth Israel Deaconess Medical Center.

WHEREFORE, the government moves the Court for an order authorizing Dr. Fife access to the defendant's medical and psychiatric "protected health information" under 45 C.F.R. § 164.512(e)(1). The government also seeks authorization for Dr. Fife to share that information with the government's personnel assigned to the defendant's criminal matter, specifically, members, employees, and contractors of the Federal Bureau of Investigations ("FBI"), Health and Human Services, Office of Inspector General ("HHS-OIG"), the Internal Revenue Service, Criminal Investigation ("IRS-CI"), Massachusetts Insurance Fraud Bureau, and the United States Attorney's Office/Boston ("USAO").

If Dr. Fife determines that he or she needs another medical professional's assistance to evaluate the defendant's competency, the

government also requests the Court's permission to disclose said information to such a medical professional for the sole purpose of assisting with the defendant's competency evaluation.

Unless expressly provided by the proposed Order, the government will not disclose Fathalla Mashali's medical, mental health, and psychiatric records to any third party not a member, employee, or contractor of the U.S. Attorney's Office, FBI, HHS-OIG, IRS-CI, IFB, or USAO assigned to the above-captioned matter.

                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              United States Attorney

                       By:/s/ Maxim Grinberg
                              MAXIM GRINBERG
                              Assistant U.S. Attorney
                              Maxim.Grinberg@usdoj.gov
                              617-748-3287

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                            By:  /s/ Maxim Grinberg
                                MAXIM GRINBERG
                                Assistant U.S. Attorney

Date: March 24, 2016