UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **FILED UNDER SEAL** |
| | ) | |
| v. | ) | Criminal No. 14-10067-RWZ |
| | ) | |
| FATHALLA MASHALI, | ) | |
| Defendant. | ) | |

## UNITED STATES' MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION FOR POST-INDICTMENT RESTRAINING ORDER

The United States seeks to forfeit the following properties, which constitute or are derived, directly or indirectly, from proceeds traceable to Defendant Fathalla Mashali's (the "Defendant") offenses charged in Counts One through Twenty-Eight, and/or constitute any property, real or personal, involved in the offenses charged in Counts Twenty-Nine through Forty-Four, or any property traceable to such property:

    a.    all funds on deposit in CollegeCounts 529 Fund account number 352-921-154, held in the name of Noha Elkadry Mashali, up to $20,000;

    b.    all funds on deposit in CollegeCounts 529 Fund account number 352-921-155, held in the name of Noha Elkadry Mashali, up to $20,000;

    c.    all funds on deposit in CollegeCounts 529 Fund account number 352-921-156, held in the name of Noha Elkadry Mashali, up to $20,000; and

    d.    all funds on deposit in CollegeCounts 529 Fund account number 352-921-157, held in the name of Noha Elkadry Mashali, up to $20,000

(collectively, the "Accounts"). To preserve the *status quo* with respect to the Accounts while this case is pending, the United States now seeks an order restraining the transfer, alienation, concealment, or dissipation of the Accounts.

As set forth in more detail below, the applicable forfeiture statutes expressly authorize this Court to issue a restraining order where, as here, the United States seeks to restrain property

after an Indictment has been returned.

### A. Background

On April 16, 2015, a federal grand jury returned a forty-four-count Second Superseding Indictment, charging the Defendant with Health Care Fraud, in violation of 18 U.S.C. §§ 1347 and 2 (Counts One through Twenty-Seven), Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. §§ 1349 (Count 28), and Money Laundering, in violation 18 U.S.C. §§ 1957 and 2 (Counts Twenty-Nine through Forty-Four). The Second Superseding Indictment provided notice that the United States intended to seek forfeiture of any property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses charged in Counts One through Twenty-Eight, and any property, real or personal, involved in the offenses charged in Counts Twenty-Nine through Forty-Four, or any property traceable to such property.

### B. What is Forfeitable

There are two sets of applicable forfeiture statutes in this case. The first set of applicable statutes is 18 U.S.C. §§ 982(a)(7), and 981(a)(1)(C), and 28 U.S.C. § 2461(c), which provides that property subject to forfeiture to the United States includes, "any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses" charged in Counts One through Twenty-Eight. The second applicable statute is 18 U.S.C. § 982(a)(1), which provides that property subject to forfeiture to the United States includes, "any property, real or personal, involved in [the offenses charged in Counts Twenty-Nine through Forty-Four], or any property traceable to such property." *See* Docket No. 131 at 22-24.

### C. Post-Indictment Restraint

Any property subject to forfeiture under the applicable forfeiture statutes may be restrained pre-trial. *United States v. Balsiger*, 2015 WL 5158692 (E.D. Wisc. Sept. 2, 2015) (pretrial restraint, including a *lis pendens* on property to preserve it for forfeiture does not violate the Fifth Amendment or Sixth Amendment, even if the assets would otherwise be used to pay a defendant's legal fees); *United States v. Hailey*, 2011 WL 5386328, *1 (D. Md. Oct. 31, 2011) (restraining defendant and his wife from spending any funds traceable to conduct alleged as a fraud scheme, except for "food, shelter and medical attention"); *United States v. Schlotzhauer*, 2008 WL 320717, *11 (W.D. Mo. 2008) (where indictment sought, and statute authorized, forfeiture of both proceeds and facilitating property, restraining order need not be limited to the dollar value of the proceeds set forth in the indictment but may include property forfeitable as facilitating property as well); *United States v. Madoff*, 2009 WL 1055792 (S.D.N.Y. Apr. 20, 2009) (setting forth text of order restraining everything defendant or his wife owns).

The issuance of a restraining order can be entered by this Court without a hearing. *See* 21 U.S.C. 853(3)(2) ("A temporary restraining order under this section may be entered upon application of the United States without notice or opportunity for a hearing when an information or indictment has not yet been filed with respect to the property, if the United States demonstrates that there is probable cause to believe that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture…and that provision of notice will jeopardize the availability of the property for forfeiture."); *see also, United States v. Holy Land Found. for Relief & Dev.*, 493 F.3d 469, 475 (5th Cir. 2007) (en banc) ("a court may issue a restraining order without prior notice or a hearing"); *United States v. Monsanto*, 924 F.2d 1186, 1193 (2d Cir. 1991) ("notice and a hearing need not occur before an ex parte restraining

order is entered pursuant to section 853(e)(1)(A)"); *United States v. Bissell*, 866 F.2d 1343, 1352 (11th Cir. 1989) (same); *United States v. Jamieson*, 427 F.3d 394, 405-06 (6th Cir. 2005) (restraining order may be entered upon the filing of the indictment; post-restraint hearing under the *Jones-Farmer* rule is sufficient to protect defendant's right to due process). The issuance of a pre-trial restraining order is not discretionary. If the United States establishes a probable cause basis that the property is subject to forfeiture, the Court **must** enter the restraining order. *United States v. Monsanto*, 491 U.S. 600, 612-13 (1989) (the word "may" in section 853(e) means only that the district court may enter a restraining order if the Government requests it, but not otherwise, and that it is not required to enter the order if a bond or other means exists to preserve the property; it "cannot sensibly be construed to give district court[s] discretion to permit the dissipation of the very property that section 853(a) requires to be forfeited upon conviction").

In the case at bar, as explained in more detailed in Exhibit A, attached hereto, the Affidavit of Elizabeth Keating, the Accounts are directly forfeitable to the United States. The funds within these Accounts are directly traceable to proceeds the Defendant received in connection with the Health Care Fraud and Money Laundering offenses charged in the Second Superseding Indictment and are subject to forfeiture. Accordingly, entry of the requested restraining order is proper.[1]

---

[1] After a Restraining Order is issued by this Court and the Accounts are restrained, the United States intends to promptly file a Bill of Particulars, giving notice to the Defendant of the United States' intent to seek the forfeiture of the Accounts.

4

## **CONCLUSION**

To preserve the *status quo* with respect to the Accounts, the United States requests that the Court allow its *Ex Parte* Application for Post-Indictment Restraining Order and issue the proposed Order, filed herewith.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Doreen M. Rachal
DOREEN M. RACHAL, B.B.O. #667837
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Doreen.Rachal@usdoj.gov

Date: April 14, 2016