UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **FILED UNDER SEAL** |
| ) | |
| v. ) | Criminal No. 14-10067-RWZ |
| ) | |
| FATHALLA MASHALI, ) | |
|         Defendant. ) | |

## RESTRAINING ORDER

Upon consideration of the *Ex Parte* Application of the United States for a Post-Indictment Restraining Order, and pursuant to 18 U.S.C. § 982(a)(1) and (a)(7), and 21 U.S.C. § 853(e), incorporated by 18 U.S.C. § 982(b), the Court finds and rules as follows:

1. On April 16, 2015, a federal grand jury returned a forty-four-count Second Superseding Indictment, charging Defendant Fathalla Mashali (the "Defendant") with Health Care Fraud, in violation of 18 U.S.C. §§ 1347 and 2 (Counts One through Twenty-Seven), Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. §§ 1349 (Count 28), and Money Laundering, in violation 18 U.S.C. §§ 1957 and 2 (Counts Twenty-Nine through Forty-Four).

2. The Second Superseding Indictment provided notice that the United States intended to seek forfeiture of any property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses charged in Counts One through Twenty-Eight, and any property, real or personal, involved in the offenses charged in Counts Twenty-Nine through Forty-Four, or any property traceable to such property.

3. The United States has moved, ex parte, for a restraining order, pursuant to 18 U.S.C. § 982(a)(1) and (a)(7), and 21 U.S.C. § 853(e), incorporated by 18 U.S.C. § 982(b), to preserve the status quo and to prevent the Defendant and all other persons with notice of this

Order from removing, transferring, dissipating, alienating, encumbering, or otherwise disposing of the following properties:

    a. all funds on deposit in CollegeCounts 529 Fund account number 352-921-154, held in the name of Noha Elkadry Mashali, up to $20,000;

    b. all funds on deposit in CollegeCounts 529 Fund account number 352-921-155, held in the name of Noha Elkadry Mashali, up to $20,000;

    c. all funds on deposit in CollegeCounts 529 Fund account number 352-921-156, held in the name of Noha Elkadry Mashali, up to $20,000; and

    d. all funds on deposit in CollegeCounts 529 Fund account number 352-921-157, held in the name of Noha Elkadry Mashali, up to $20,000

(collectively, the "Accounts").

4. There is reasonable cause for entry of this Order. *Kaley v. United States*, 134 S.Ct. 1090 (2014). The Court concludes that a Restraining Order is necessary to preserve the availability of the Accounts for forfeiture in the event of the Defendant's conviction.

It is hereby ORDERED that this Restraining Order issue with respect to the Accounts.

It is further ORDERED that the Defendant, his agents, servants, employees, attorneys, family members, all other persons in active concert or participation with him, and those persons, financial institutions, or other entities who have any possession, interest or control over the Accounts subject to this Order, shall not, without prior approval of this Court, upon notice to the United States and an opportunity for the United States to be heard:

    a) alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of the Accounts, in any manner, directly or indirectly;

    b) cause the Accounts to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner; or

    c) take, or cause to be taken, any action which could have the effect of concealing the Accounts, removing the Accounts from the jurisdiction of this Court, or damaging, depreciating, or diminishing the value of, the Accounts.

The Defendant is hereby placed on notice that if the Accounts are transferred, dissipated, or disposed of by any means, and without approval of this Court, the Court may require the Defendant to account to the Court for the disposition and location of the Accounts and any proceeds traceable thereto.

The United States, or its agents, shall serve this Order upon the Defendant and shall provide due notice of the Order to other persons and entities subject to the Order.

It is further ORDERED that such persons and entities, upon receipt of such notice, which may be provided by facsimile transmission, shall fully comply with the terms of this Order immediately upon such receipt.

This Order shall remain in effect until further order of the Court.

APPROVED AND SO ORDERED:

_____
RYA W. ZOBEL
United States District Judge

Date: