## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
            v.                  )        CRIMINAL NO: 14-CR-10067
                                )
FATHALLA MASHALI                )

### GOVERNMENT'S MOTION TO CONTINUE THE COMPETENCY HEARING

The United States of America, by and through Assistant U.S. Attorney Maxim Grinberg, hereby moves to continue the competency hearing in this matter scheduled on May 25, 2016, because defense counsel represented that due to the defendant's health and placement at a rehabilitation facility the defendant will not be in attendance nor will the defendant be able to execute a voluntary, knowing, and intelligent waiver of his right to be present.

The defendant has the right to be present at "every trial stage." Fed. R. Crim. P. 43.[1] A defendant's "competency hearing is a critical stage of a defendant's trial." *United States v. Barfield*, 969 F.2d 1554, 1556 (2nd Cir. 2992); accord *Raymond v. Weber*, 552 F.3d 680, 684 (8th Cir. 2009); *Sturgis v. Goldsmith*, 796 F.2d 1103, 1108-09 (1986).

---

[1] Rule 43 allows for a defendant's absence if the defendant is "voluntarily absent after the trial has begun," a circumstance not present in this matter. *See, e.g.*, *Taylor v. United States*, 414 U.S. 17, 19 (1973)("Petitioner had no right to interrupt the trial by his voluntary absence").

A defendant's right to be present at his competency hearing is reflected in the statutory language. Under 18 U.S.C. §§ 4241 et al., the defendant "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at" the competency hearing. 18 U.S.C. § 4247(d). This right also derives from the Due Process Clause. *Sturgis*, 796 F.2d at 1109 (a defendant has a Constitutional right to be present at a competency hearing), citing multiple cases.

In *Sturgis*, the defendant was present at the first competency hearing and, having received evidence from two court-appointed psychiatrists, the district court found the defendant incompetent. *Id.* at 1105. At the second competency hearing, with the defendant present, the court continued the hearing, ordering additional psychiatric evaluations. *Id.* At the next hearing, the defendant again was present and, having listened to testimony from more psychiatrists, the court again determined the defendant incompetent to stand trial. *Id.* At the next competency hearing, still in the presence of the defendant, the court heard from additional psychiatrists and appointed additional psychiatrists. *Id.* At the final hearing, having reviewed more psychiatrists' reports, the court found the defendant competent to stand trial, but this time the defendant was absent. *Id.* The Ninth Circuit held that the defendant's

absence at the last competency hearing was reversible error. *Id.* at 1109. The Ninth Circuit found it "noteworthy that on both occasions when [the defendant] was present at hearings to determine his competency, he was found incompetent; conversely, on both occasions when he did not attend, he was determined to be competent." *Id.* The Court pointed out that "the defendant's demeanor and behavior in the courtroom can often be as probative on the issue of his competence as the testimony of expert witnesses." *Id.* Subsequently, in *United States v. Gillenwater*, the Ninth Circuit held the defendant's constitutional rights at a competency hearing encompassed the right to testify. 717 F.3d 1070, 1077-79 (9th Cir. 2013), citing *Rock v. Arkansas*, 483 U.S. 44, 52 (1987)("the most important witness for the defense in many criminal cases is the defendant himself").

In *Barfield,* the district court held the first competency hearing in the defendant's absence. 969 F.2d at 1555. At that hearing, counsel informed the court that he had not obtained a waiver because the defendant "'was found to be incompetent by the authorities in Butner,'" where the defendant was being held. *Id.* Nevertheless, without ruling on the issue of competence to stand trial, the court heard testimony from a psychologist in the defendant's absence. *Id.* At the second hearing, where the defendant was present, the defendant's doctors represented that the defendant was competent, but the court deferred a final

3

ruling, ordering "an independent psychological evaluation." *Id.* At the third hearing, the defendant was also present and the court found the defendant competent to stand trial. *Id.* The Second Circuit held that conducting the first competency hearing in the defendant's absence "violated [the defendant's] constitutional right to due process of law and his right to a fair trial." *Id.* at 1556. The Court found the error harmless, however, because the defendant could not "offer any convincing evidence of the prejudice he allegedly suffered," and apparently did not even attempt to establish such prejudice on appeal. *Id.* at 1556-57.

A defendant can execute a waiver of the right to be present at his competency hearing, but "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970).

In this case, defense counsel has represented to the government that due to the defendant's health the defendant will not be present at the competency hearing on May 25, 2016. At the last status conference, counsel also represented to the Court that he could not execute his client's waiver to be present because he deemed his client incompetent to stand trial. The government expects the evidence at the competency hearing to

4

come primarily from Dr. Alison Fife who has spent over four hours interviewing the defendant and multiple hours reviewing his medical records.   Dr. Fife's conclusion that the defendant is competent to stand trial relies in significant part on her face-to-face interactions with the defendant.   The government understands that generally no third parties were present for these interactions.   It is theoretically possible that, if present at the hearing, the defendant could contradict Dr. Fife's recollection as to the length and content of his conversations with her in a way that, if believed, would challenge Dr. Fife's credibility and conclusions.   Moreover, in the defendant's absence, the Court will not be able to observe the defendant's demeanor, ask the defendant questions, or evaluate the defendant's credibility.

Under these circumstances, finding the defendant competent to stand trial and proceeding directly to a trial that is expected to last about a month and involve about thirty witnesses could taint the trial itself.   Thus, the government, with the assent of the defense, moves to continue the competency hearing until such time that the defendant is either able to attend the hearing or waive his right to be there in a way that allows the Court to evaluate whether such a waiver is voluntary, knowing, and intelligent.

There is a question as to how the parties and the Court are to determine whether the defendant is able to attend the hearing in the future or waive the right to be there. The government understands from counsel that the defendant currently resides at a rehabilitation facility. The government has understood counsel to suggest that the Court and the government can rely on that facility's medical records and counsel's representations through the defendant's wife about the defendant's status. The difficulties the government has encountered throughout the evaluation process are two-fold: (1) the government must continuously prompt defense counsel for the defendant's whereabouts and obtain court orders for the defendant's medical records; and (2) if the defendant is not hospitalized, as was the case after his release from Massachusetts General Hospital, the government simply has no insight into the defendant's health or his compliance with treatment.[2] It has been impractical to make the government keep track of the defendant's whereabouts and health on a weekly, and sometimes daily, basis.

Therefore, the government proposes that the Court detain the defendant as initially proposed by the government, so that the Bureau of Prisons becomes the sole treatment provider to the

---

[2] The fact that the defendant apparently quickly decompensated after his release from the Massachusetts General Hospital is consistent with Dr. Fife's conclusion that he is not likely to follow a treatment and dietary regimen if released.

defendant and custodian of his medical records, allowing for easier reporting to the Court regarding the defendant's health and ability to attend a competency hearing.   An alternative proposal is for the defense to provide the Court and the government with weekly updates of the defendant's whereabouts and health, substantiated by medical records from the defendant's treatment providers.   There are two significant downsides to the latter proposal, however, in that: (1) if the defendant is not hospitalized, there will not be any records to review nor any credible way to confirm the defendant's health status; and (2) according to Dr. Fife, the defendant is not likely to follow his treatment and dietary regimen if he is not continuously monitored by medical professionals, presenting a suicide risk.[3]   For these reasons, the government renews its motion to detain the defendant.

---

[3] The government just received the latest records from Norwood Hospital, where the defendant was most recently hospitalized until he alleged transfer to a rehabilitation facility.   A small portion of those records is included under seal.   The records again substantiate the fact that the defendant is not compliant with treatment absent constant medical care and presents as a suicide risk, supporting the government's motion for detention.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Maxim Grinberg
MAXIM GRINBERG
Assistant U.S. Attorney
617-748-3287

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system
will be sent electronically to the registered participants as
identified on the Notice of Electronic Filing (NEF).

/s/ Maxim Grinberg
MAXIM GRINBERG
Assistant United States Attorney

Date: May 23, 2016