UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | No. 1:14- CR-10067 RWZ |
| **FATHALLA MASHALI,** Defendant. | |

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MEMORANDUM RELATIVE TO COMPETENCY

The Defendant, by and through undersigned Counsel, is responding to certain statements made by the Government in its post-hearing memorandum relative to Competency. Your undersigned counsel intends to be brief and to the point. The Defendant also relies on his previously filed memorandum of law.

The Defendant, reiterates that his physical and psychological/cognitive condition and abilities has been progressively deteriorating for the better part of the last decade. The Defendant further reiterates that certain triggering events such as loss of his medical license (largely due to his then level of cognitive deterioration), his being openly investigated by the federal government, his being arrested in connection therewith, his being incarcerated for multiple months under very difficult circumstances and his subsequent medical emergencies - have serially and cumulatively produced the inexorably downward trajectory of his physical and mental health and consequent cognitive (DIS)ability, which has rendered him incompetent[1] to defend the within in criminal matter.

Also, without unduly repeating my earlier filed memorandum, the notion that Dr. Mashali is "malingering" is utterly belied by the incredibly intrusive course of treatment recommended

---

[1] Dr. Mashali's condition has been progressively deteriorating for probably the last decade. For example, when Dr. El-Khadry argues at his bail release hearing, that she wants him to assist her with childcare, she at that point believed he was capable of doing so, which proved not to be the case in the context of his ongoing deterioration.

by his MGH doctors Beck and Huffman during his primary MGH hospitalization, which included electroconvulsive therapy, indefinite involuntary psychiatric commitment, the creation of a full, plenary guardianship/conservatorship – all incredibly invasive modalities reserved for only the most incapacitated, impaired, mentally ill and obviously incompetent patients, and n not for patients who are simply "malingering". It is respectfully requested that we credit what they did <u>vice</u> what they later said in relation to the proposed treatment regimens.

There are various factual matters which should also be specifically addressed. The government in its memorandum refers to a total debt of the Defendant of $12M of which $6M was owed to the Massachusetts DOR . (See, government memorandum page 3.)

It is important to note that we believe the debt to have been much lower\, perhaps in the vicinity of $1M to taxing authorities. Upon information and belief, there was discussion of settling the matter in $100,000-$200,000 range.

With regard to the approximately $1.7 million, sent by Dr. Mashali to Egypt and $400,000 sent to Cypress, (See, government memorandum page 3.). It is important to note that the monies to Egypt were sent over a 4-year period at the height of the work being done by Dr. Mashali's laboratories and was largely utilized in Egypt for legitimate business expenses relating to accounting and transcription of record, it was testified to that these services could be provided less expensively in Egypt.

With regard to then Magistrate Judge Sorokin finding Dr. El-Khadry to be unreliable in her testimony. (See, government memorandum page 5.). It must be noted that it was primarily in relation to one area, to wit, Dr. Mashali's reasons for attempting to fly to Egypt. One must understand, that Dr. El-Khadry simply was reporting what Dr. Mashali told her and which she believed about his reasons for going to Egypt.

With regard to the government's argument that Dr. Mashali was willingly choosing not to effectively assist counsel but had the capacity to do so, this argument fails for essentially the same reason that the argument above, that Dr. Mashali was "malingering", fails, to wit, that the notion that he in fact possess such "capacity: in inconsistent with the level of impairment and incompetency reflected by Drs. Beck and Huffman's extreme treatment regimens referred to above as well as Dr. El-Khadry observations contained in her sworn testimony, her affidavit attached as an Exhibit to the original memorandum, and undersigned counsel's affidavit attached to the original memorandum, containing his unsuccessful attempts to have the Defendant assist him effectively.

---

Dr. Mashali is suffering from chronic and progressively deteriorating medical and psychiatric disease which, individually and in combination, clearly preclude him from effectively assisting counsel and which may well also render him unable to realistically understand the nature of the charges against him.  His long-standing deep depression (which has been intensified by the circumstances of both the legal and medical context of the past several years), in combination with the progressively encroaching auto immune disease sarcoidosis, which also has the effect of substantially diminishing him dramatically on physiological/cognitive levels have resulted in what your undersigned counsel respectfully suggests is a relatively profound, and intermittently psychotic, incompetency.

Dated: September 2, 2016

Respectfully submitted,

FATHALLA MASHALI
By his attorney

*/s/ Jeffrey A. Denner (dictated but not read)*
Jeffrey A. Denner BBO#120520
Jeffrey Denner Associates, P.C.
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
Tel.:  (617) 227-2800
Fax:  (617) 973-1562
jad@dennerlaw.com

## Certificate of Service

I, Jeffrey A. Denner, hereby certify that on this the 2nd day of September, I caused a true copy of the foregoing *Defendant's Response to Government's Memorandum to Competency* to be served upon all necessary parties by virtue of electronically filing the same via the CM/ECF system.

/s/ Jeffrey A. Denner
Jeffrey A. Denner