UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 16-10278-NMG |
| | ) | |
| MOUSTAFA MOATAZ ABOSHADY | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 14-10067-RWZ |
| | ) | |
| FATHALLA MASHALI | ) | |

**GOVERNMENT'S MOTION
FOR ALTERNATIVE VICTIM NOTIFICATION**

The United States of America charged Fathalla Mashali ("Mashali") and Moustafa

Moataz Aboshady ("Aboshady"), by way of two separate indictments, with offenses related to

falsely billing Medicare and private insurance companies for services that were not rendered.

The indictments identify Mashali as a former physician and owner of a now defunct pain

management clinic called New England Pain Associates ("NEPA") with locations in

Massachusetts and Rhode Island, and Aboshady as Mashali's nephew, employed by Mashali at

NEPA during the time period charged in the indictments. The indictments generally allege that

Mashali and Aboshady falsified patient records as part of a scheme to bill for services that were

not performed, such as physical examinations and certain urine drug testing. Some of the

affected patients and insurance companies are listed in the indictments, and the government has

or will reach out to these victims individually. The government will also reach out individually to

approximately 104 insurance companies or entities that were billed by NEPA. On the other hand,

there were hundreds of patients at NEPA, and most likely over a thousand, during the pertinent

1

time period who might have had out of pocket expenses for the services at issue, and it is also possible that the government has not identified every insurance company billed by NEPA.

The United States respectfully moves this Court, pursuant to 18 U.S.C. § 3771(d)(2), for authorization to employ the crime victim notification procedures described below in lieu of those prescribed by §§ 3771(a), (b) and (c) on the grounds that the number of potential victims in this case makes it impracticable to provide all of the potential victims the rights described in § 3771(a).

The Crime Victims' Rights Act ("the Act"), 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e)(2)(A). Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victims' rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. §3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id*.

In this case, even to the extent the government possesses contact information for some NEPA patients contained in the insurance claims data, it is likely woefully out of date. Moreover, the government does not have insurance claims data for every single patient treated at NEPA during the relevant time period. Thus, the government cannot readily identify all the patients who had out of pocket expenses or even every single insurance company ever billed by NEPA during the relevant time period. Even if the government did have all the pertinent claims data, it would still be an extraordinarily difficult and time consuming task to analyze thousands upon thousands of lines of claims and identify patients who had out of pocket expenses for the services at issue. Thus, due to the large number of potential victims, compliance with the notification requirements outlined in §§ 3771(a), (b) and (c) is impracticable. Neither the Government nor the Court has the resources to accord all of the potential victims in this case the notice required by § 3771(a).[1]

Therefore, due to the large number of potential victims in this case, the Government requests that the Court authorize an alternative form of potential victim notification in this case. The United States proposes notifying potential victims of the possibility of restitution through a press release. The press release will direct individuals and insurance companies who believe that they may be victims of the charged offenses to the Justice Department's website for large cases

---

[1] As stated, the government has notified or will notify all patients and insurance companies listed in the indictment.

3

(http://justice.gov/largecases/). On that website, a listing will appear for the above-captioned

matters, which will include a description of the matter and directions concerning how to file a

potential claim for restitution.

## CONCLUSION

Based on the foregoing, the government requests that the Court grant the motion for

alternative victim notification procedures.


Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:     */s/ Maxim Grinberg___ _____*
Maxim Grinberg, BBO #667521
Assistant United States Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3287
Email:   Maxim.Grinberg@usdoj.gov


Dated: November 1, 2016


## Certificate of Service

I hereby certify that the foregoing documents filed through the ECF system will be sent

electronically to counsel for Defendant, who is a registered participant as identified on the Notice

of Electronic Filing (NEF).

*/s/ Maxim Grinberg___ ___*
Maxim Grinberg
Assistant U.S. Attorney