**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 14-CR-10067-RWZ |
| | ) | |
| FATHALLA MASHALI | ) | |

**GOVERNMENT'S ASSENTED-TO MOTION FOR A PRE-TRIAL DEPOSITION**

The United States of America, by and through Assistant U.S. Attorneys Maxim Grinberg and Abraham R. George, with the assent of the defendant, moves the Court for an order allowing for a video deposition of a Massachusetts State Police ("MSP") Trooper to preserve her testimony for trial.

As the Court is aware, the defendant is charged in a multi-count indictment with healthcare fraud, mail fraud conspiracy, and money laundering, in violation of 18 U.S.C. §§ 1347, 1349, and 1957. During the alleged time of the scheme to defraud, MSP Trooper, acting in undercover capacity under the pseudonym "Nicole Casey," visited New England Pain Associates, the defendant's pain management practice, on multiple occasions as a "patient." She audio- and video-recorded her encounters with the defendant. The government disclosed these recordings to the defense over two years ago. The government alleges that, among other things, these recordings show that during the encounters with the MSP Trooper the defendant failed to perform some of the services that were later documented in the MSP Trooper's patient file. For example, according to the government, the MSP Trooper's patient file for the dates in question shows a full physical examination, while the recordings show that the defendant did not touch the MSP Trooper even once during the encounters. Similarly, the government alleges that the billing data for the MSP Trooper's visits show that the defendant billed for services that he did not perform. Thus, the MSP

Trooper's testimony supports the government's allegations of the defendant's scheme to defraud charged in the indictment, which alleges that the defendant billed for services he did not perform.

The trial was originally scheduled for February 27, 2017. The MSP Trooper was ready to testify during the first or second week of the trial about her observations of, and interactions with, the defendant. At the January 18, 2017 status conference, the Court rescheduled the trial for March 20, 2017. The MSP Trooper is expecting a child, with a scheduled due date of March 14, 2017. While she was able and willing to testify during the originally scheduled trial, her expected delivery date will precede the newly scheduled trial by only a few weeks. Thus, due to the circumstances neither under the government's nor the witness's control, the government will not be able to call the MSP Trooper during the defendant's rescheduled trial.

The government believes it is critical for the jury to hear from the MSP Trooper. She can set the context for her participation in the undercover operation, explain how she operated the recording equipment, and clarify any of the defendant's statements if they are inaudible to the Court or the jury.[1] At one point, while waiting to be seen by the defendant, MSP Trooper had shut off the recording device to preserve the battery. She was concerned that, due to the hours-long wait time at the defendant's office, the battery would drain. Unless the jury hears from MSP Trooper directly, it would be challenging for the government to properly authenticate the recordings and relay MSP Trooper's experience being seen and treated by the defendant.

---

[1] The government included subtitles for the dialogue in the recordings and provided both the recordings and the simultaneous subtitles for the defendant's review. The parties are in the process of resolving whether they can jointly agree to the substance of the subtitles played with the recordings. The government anticipates playing the recordings with the running subtitles at the deposition and trial.

Thus, the government, with the assent of the defendant, moves the Court for an order allowing for a pre-trial deposition of the MSP Trooper, and, moreover, requests that the deposition be conducted before the Court to permit the Court to rule on any objections in real time in lieu of making the rulings retrospectively. The law, as described below, supports the government's request.

Rule 15 allows a court to order a deposition to preserve testimony for trial "whenever due to exceptional circumstances of the case it is in the interest of justice." *United States v. Keithan*, 751 F.2d 9, 12 (1st Cir. 1984) (quoting Fed. R. Crim. P. 15(a)). Exceptional circumstances exist and the interests of justice are served where a witness is likely to be unavailable for trial, her testimony is material, and the defendant's rights, including the right of confrontation, are not compromised. *See In re Grand Jury Proceedings*, 697 F. Supp. 2d 262, 272-274 (D.R.I. 2010); *see also United States v. Drogoul*, 1 F.3d 1546, 1556 (11th Cir. 1993) ("When a substantial likelihood exists that the prospective deponents will be unavailable for trial and their testimony is highly relevant to a central issue in the case, justice generally requires preservation of that testimony"). Rule 15 allows the use of a deposition at trial if otherwise admissible under the Federal Rules and if the witness is unavailable within the meaning of Rule 804(a) of the Federal Rules of Evidence, which defines "unavailability" to include "death or then existing physical or mental illness or infirmity." *Keithan*, 751 F.2d at 12 (quoting Fed. R. Evid. 804(a)(4)). For example, in *Keithan*, the First Circuit approved the taking and use of Rule 15 depositions at trial where two witnesses lived sixty miles from the courthouse: one was eighty-seven with a back condition that kept him from walking; the other was eighty-three with a heart condition that confined her to the home. *Id.*

Here, the MSP Trooper was available and willing to testify at the originally scheduled trial. She will be unable to attend the trial shortly after her child's birth. Allowing the pre-trial deposition to take place and to be replayed at trial will accommodate the government's interest in presenting a clear case to the jury, supporting the government's allegations charged in the indictment, while accommodating the defendant's rights under Rule 804 and the Confrontation Clause.

The government, with the assent of the defendant, requests that the deposition take place before the Court, with the government conducting the direct examination, and defense counsel the cross examination, of the MSP Trooper, as the parties would at trial, with the Court ruling on any objections in real time. This process will conserve the parties' and the Court's resources, as the Court would be able to make its rulings in real time while hearing from the parties on any objections, and will circumvent the need for the Court to separately review the recordings in-camera and then for the parties to edit the recordings to strike any objectionable testimony.

The parties request that the deposition be scheduled under the following conditions:

a. The deposition will be scheduled for a date, time and place that is agreeable to the Court and to the MSP Trooper, taking into account her health needs, but no later than February 21, 2017;

b. The government will have court-certified professionals recording the deposition;

c. The government estimates the deposition will take under two hours to complete;

Accordingly, the government respectfully requests that the Court grant the motion and also permit the videotaped deposition to be conducted in the courtroom with the Court present.

Dated: January 26, 2017             Respectfully submitted,

                                    WILLIAM D. WEINREB
                                    Acting United States Attorney

                                    */s/ Maxim Grinberg*
                                    Maxim Grinberg, BBO# 667521
                                    Abraham R. George, BBO# 668949

                                    Assistant U.S. Attorneys
                                    U.S. ATTORNEY'S OFFICE
                                    John J. Moakley U.S. Courthouse
                                    1 Courthouse Way, Suite 9200
                                    Boston, Massachusetts 02110
                                    (617) 748-3287
                                    (617) 748-3152
                                    maxim.grinberg@usdoj.gov
                                    abraham.george@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                    */s/ Abraham R. George*
                                    ABRHAHAM R. GEORGE
                                    Assistant United States Attorney

Date: January 26, 2017