## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| |
|---|
| **UNITED STATES OF AMERICA** |
| |
| **v.**            **No. 14CR 10067 RWZ** |
| |
| **FATHALLA MASHALI,** |
|                      Defendant. |

## DEFENDANT'S OPPOSITION
## TO GOVERNMENT'S MOTION IN LIMINE (RE DR. ROGER GRAY)

The Defendant, Dr. Fathalla Mashali ("Defendant"), hereby submits this Opposition to the Government's request to exclude the expert testimony of Dr. Roger Gray.

At this juncture, the Defendant seeks to solicit testimony from Dr. Gray to evidence that the Defendant, at all times material hereto, suffered from **Type II, severe Bipolar Disorder (DSM-V# 296.89)** and **(Neuro) Sarcoidosis,** which evidence is relevant to the determination of whether or not the Government has proven each and every essential element of the charges alleged (with specific regard to the "specific intent" aspect).

Contrary to the Government's belief that this testimony is being used in support of a "defense", and thus arguably barred by the provisions of the Insanity Defense Reform Act of 1984, ("IDRA"), the Defendant introduces such evidence simply to negate the "specific intent" elements of the Healthcare and Mail fraud counts—not as an affirmative "defense" involving psychiatric issues which might well be precluded.

1

Should the requested evidence be allowed, it will speak to the cognitive and emotional abilities of the Defendant, particularly with the capacity to formulate the requisite "specific intent" to commit the crimes alleged[1]—not to any sort of "diminished capacity defense."  Nor will a testifying expert psychiatrist be asked to opine as to whether or not the Defendant possessed the capacity to formulate "specific intent."

Courts have maintained "the IDRA does not prohibit psychiatric evidence of a mental condition short of insanity when such evidence is offered purely to rebut the Government's evidence of "specific intent." See U.S. v. Worrell, 313 F.3d 867, 874 (2002) (concluding permitting psychiatric testimony to be presented to negate the "specific intent" element of a "specific intent" crime); see also United States v. Pohlot, 827 F.2d 889, 897 (3d Cir. 1987) (stating that 18 U.S.C. §17(a) permits introduction of psychiatric evidence to negate an element of itself).

Furthermore, even the Government concedes the First Circuit has previously held that such mental health evidence is theoretically permissible if introduced to negate intent. See United States v. Schneider, 11 F.3d 197, 201 (1st Cir. 1997) (expressly explaining that a defendant may offer evidence to show lack of "specific intent").

After reviewing the Defendant's extensive medical and psychiatric history, as well as examining him, Dr. Roger Gray has already opined in context of a criminal responsibility evaluation that the Defendant has suffered from **Type II, severe Bipolar Disorder (DSM-V#**

---

[1] While the issue of "specific intent" technically only applies to the counts relating to Healthcare and Mail fraud, the Defendant takes a position that should the Government not be able to prove such frauds beyond a reasonable doubt the remaining money laundering counts while fail as well as the money transactions would not be considered the product of unlawful specified financial transactions, as required.

**296.89)** and **Sarcoidosis** and that the Defendant's cognitive and emotional abilities were so "profoundly impaired and diminished his capacity to conform his behavior to the requisites of law." (Prior Gray Report, page 5). This evidence is equally applicable to the issue of his capacity to (or not to) be able to formulate the requisite "specific intent" required by the Healthcare and Mail Fraud counts.[2]

The Government is also mistaken in arguing that such testimonial evidence would be inadmissible under Federal Rule of Evidence ("FRE") 401. Under FRE 401, evidence is admissible if it has ***any tendency*** to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.

It is without question that such proposed testimony is relevant to the "specific intent" element of this case. And such, this testimony undoubtedly would provide insight into the Defendant's cognitive abilities to engage in premeditated intent to knowingly, voluntarily, and specifically commit the alleged crimes.

Not only is this evidence permissible under the FRE 401 standard, but the law entitles the Defendant to call witnesses to adduce relevant evidence that he lacked the "specific intent" to commit fraud. It is the Defense's full intention to provide such evidence based on, *inter alia*, Dr. Gray's observations of the Defendant, including his extensive review the Defendant's medical and psychiatric history, and the mental constraints his psychomedical conditions placed on his cognitive and emotional abilities during the time period in question.

The Government suggests that because Dr. Gray's report contains no opinion regarding whether the Defendant formed the "specific intent" to commit Healthcare Fraud or to

---

[2] No specific report was prepared stating that the Defendant lacked "specific intent", or the like, is irrelevant. It is not required as a prerequisite for an expert to testify to observations and analyses arriving therefrom, particularly where said expert will not be offering an expert opinion that the Defendant lacked "specific intent."

conspire to commit Mail Fraud, his opinion has no relevance to the issue of whether the Defendant could have acted with "specific intent" and should be excluded.

Respectfully, any such argument is based on a fundamental misunderstanding of the applicable law and Federal Rules of Evidence.  The Government bears the burden of proving that the Defendant "specifically intended" his actions—and the Defendant, by way of rebutting same, is free to introduce *any* evidence tending to negate *any* of the core elements alleged and no report need be filed as a pre requisite for such testimony.[3]

The Government suggests that should Dr. Gray be permitted to testify, his observations of the Defendant would be substantially outweighed by the danger of excessive unfair prejudice, confusing the issues, or misleading the jury and is therefore barred by FRE 403.

Again, the Government's argument misapplies FRE 403. Testimony about the Defendant's medical and psychological history, along with Dr. Gray's professional observations, have probative value that is **not** outweighed by the risk of unfair prejudice, confusing the issues, or misleading the jury.  The Government suggests that there is a substantial risk that the jury would be "swayed inappropriately by hearing about the Defendant's mental and other health conditions" and "none of which have anything to do with the Defendant's capacity to form "specific intent."

As described above, this information and testimony is completely relevant to the Defendant's capacity to form "specific intent."  Dr. Gray's testimony is based on his observations and examinations of the Defendant and relevant records.  Furthermore, the Defendant is entitled to introduce such evidence to negate the "specific intent" elements and the jury is entitled to hear such evidence in order to make their determinations as to whether

---

[3] While no report is necessary or required, it is especially that the report that was filed relatively to the affirmative <u>defense</u> of lack of criminal responsibility would not be expected to include a section "specific intent."

the Defendant had the capacity to form the "specific intent" for the Healthcare and Mail fraud charges.

This is abundantly clear from a reading of 18 U.S.C. §17(a), from which one can and should properly infer that both FRE 401 and FRE 403 concerns were taken into consideration when determining the admissibility of psychiatric evidence to negate an element of an offense. By definition, 17(a) expressly suggests that such evidence is admissible so long as it is tailored to disproving an element of "specific intent" and is not being use as a defense *in and of itself.* [4]

In 1984, Congress amended current Federal Rule of Evidence 704. The amendment, now Current Rule 704(b), revived the ultimate issue rule in cases requiring a jury determination on a criminal defendant's mental state. Specifically, Current Rule 704(b) forbids an expert witness from offering an opinion couched in legal terms about the defendant's mental state at the time of the crime.

Under Current Rule 704(b), for example, a defendant who enters a plea of not guilty by reason of insanity may not call a psychiatrist and ask whether, in the psychiatrist's opinion, the defendant was legally insane at the time of the charged crime. However, a defendant *may* call a psychiatrist and elicit testimony about a mental disorder and its probable effect on his thinking. In this case, the Defense is not seeking to establish an affirmative defense, only to negate a core element of the crimes alleged—none of which offend the dictates of FRE 704.

---

[4] Even if the likelihood of confusion remained a concern of the Court, a limiting instruction could easily be administered to explain that such testimonial evidence may only be considered in determining whether, "at the time of the alleged offense conduct, the Defendant did not have the capacity to formulate the "specific intent" as required by law."

## CONCLUSION

As discussed above, the Defense suggests that we are not "unbowed", as suggested by the Government in its Memorandum, but rather "understanding" of the applicable law. In arguing this case, the Government simply misunderstands the Defense's argument or precisely understands it, but is unable to rebut it.  The Defense is not seeking a "watered down" version of the second ("volitional") prong of the Insanity Defense, obviated by the IDRA, but rather simply to rebut core elements of the Government's case.


Dated: February 24, 2017                           Respectfully submitted,
                                                   FATHALLA MASHALI
                                                   By and through his attorney,


                                                    /s/  *Jeffrey A. Denner*
                                                   Jeffrey A. Denner, BBO#120520
                                                   Jeffrey Denner Associates, P.C.
                                                   Four Longfellow Place, 35th Floor
                                                   Boston, Massachusetts 02114
                                                   Tel.:    (617) 227-2800
                                                   Fax:    (617) 973-1562
                                                   jad@dennerlaw.com


### Certificate of Service

I, Jeffrey A. Denner, hereby certify that on this the 24th day of February 2017, I caused a true copy of the foregoing Defendant's Opposition To Government's Motion in Limine (Re Dr. Roger Gray) to be served upon all necessary parties by virtue of electronically filing the same via CM/ECF system.

                                                    /s/  *Jeffrey A. Denner*
                                                   Jeffrey A. Denner