UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                         |                                    |
|-----------------------------------------|------------------------------------|
| **UNITED STATES OF AMERICA**            |                                    |
| v.                                      | Criminal No. 14-10067-RWZ          |
| **FATHALLA MASHALI,**                   |                                    |
| Defendant,                              |                                    |

## DEFENDANT'S MOTION TO DETERMINE COMPETENCE AND INCORPORATED MEMORANDUM OF LAW

The Defendant, Fathalla Mashali ("the Defendant"), by and through undersigned counsel, respectfully requests that this Honorable Court, Zobel, J, order, pursuant, *inter alia*, to the Due Process Clause of the Fourteenth Amendment, 18 U.S.C. §4241, and relevant decisional law – e.g. Godnez vs. Moran, 509 U.S. 396 (1993)[1], and Medina vs. California, 505 U.S. 437 (1992)[2] and United States vs. Patel, 524 F. Supp. 2d 107, (DMASS, 2007)[3] a hearing to determine the mental competence of the Defendant, Fathalla Mashali. The Defendant, through counsel, contends that reasonable cause exists to believe that he is suffering from a mental disease or defect rendering him mentally incompetent in that he is either no longer able to understand the nature and consequences of the proceedings against him or to effectively assist in his defense, or both. In support hereof, the Defendant attaches as Exhibit 1 the "Forensic Psychiatric Evaluation of Dr. Roger Gray, M.D. as Exhibit 2 the Psychiatric Report of Dr. Leslie Vogel, Exhibit 3 an affidavit recently authored by the wife of the defendant, Dr. Noha Elkadry Mashali, and as Exhibits 4 & 5 the affidavits of your undersigned counsels, Jeffrey Denner and Joseph Keller.

---

[1] Godinez holds that a criminal defendant must be competent when tried.
[2] Medina holds that a criminal trial of an incompetent defendant violates due process.
[3] Patel holds that a hearing must be held, where requested and where reasonable cause therefore exist, to determine competence.

Considered together, they present a Defendant with significant and deteriorating cognitive abilities, underlying psychopathology, and progressive dementia, in conjunction with a severe organic dysfunction/debilitating medical illness, all of which collectively have ravaged his mind (and body) to a point of incompetenc to proceed to the sentencing phase of his case[4].

It is respectfully submitted, that all of the forgoing clearly establishes the requisite "reasonable cause" to believe that the Defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent", here with particular regard to the Defendant's capacity to effectively assist defense counsel in the conduct of his sentencing phase and perhaps any ultimate sentencing appeal.  That is particularly true, where as here, the issues surrounding the "proof of loss", which in a fraud case triggers enhancements which effectively drive the Guideline Sentencing Range, utterly require this Defendant's ability to separate the "legitimate" billings from the "fraudulent" billings to determine a valid "loss" for "enhancement" and  "restitution" purposes. See, e.g., *US vs. Alphas Opinion, #2014, 1st Cir. 2015)*, attached hereto as Exhibit 6.  Put in another way, only the fraudulent billings may be used to determine "loss" for "sentencing enhancement" and "restitution", not the entire amount billed as "intended loss", as the Government, utilizing a flawed methodology, as done here.   And this

---

[4] Your undersigned counsel has periodically entertained mounting doubts over the approximately last two years at least of the Defendant's capacity to assist in his own defense.  His apparent ability to recall events relevant to the subject indictment, to focus on the questions I have been asking him, and at times to even stay awake during our meetings, is problematic at best.  He continues to sleeps almost continuously at home, awakening to be taken to outpatient, medical and psychological appointments, is in a state of confusion for the majority of his waking time; is unable to walk unaided by a walker or wheelchair; and seems to remember very little of what he has just been told or of his more distant past life.  He recently has begun to repeatedly fall and injure himself, and apparently, per the attached Affidavits, has been involuntarily hospitalized for medical and psychological reasons, again.

Defendant, at this time, is clearly and utterly unable to do this and must therefore be held to be incompetent.[5]

Accordingly, the Defendant respectfully requests that such a hearing be ordered by this Honorable Court and for any other relief or order as may be deemed appropriate.  And, further, it is suggested that should an evaluation be deemed necessary, it be done inpatient at either an appropriate civilian hospital or at such a federal prison hospital facility, for as long as is required to ascertain competence[6].

Dated: July 20, 2017

Respectfully submitted,
FATHALLA MASHALI
By and through his attorneys,

 /s/  *Jeffrey A. Denner*
Jeffrey A. Denner, BBO#120520
Jeffrey Denner Associates, P.C.
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
Tel.:    (617) 227-2800
Fax:    (617) 973-1562
jdenner@dennerlaw.com

Certificate of Service

I, Jeffrey A. Denner, hereby certify that on this the 20th day of July 2017, I caused a true copy of the foregoing *Defendant's Motion to Determine Competence and Incorporated Memorandum of Law* to be served upon all necessary parties by virtue of electronically filing the same via the CM/ECF system.

 /s/  *Jeffrey A. Denner*
Jeffrey A. Denner

---

[5] Ironically, other individuals who perhaps could have helped us in the  determination of a valid "loss calculation" are unavailable – either because they are Government witnesses in this case or a defendant in a related pending criminal case arising out of the subject matter of this indictment.

[6] Your undersigned was reluctant to bring this motion at such a late date, but the Defendant's condition deteriorated so dramatically over the past weeks, particularly this week, that I lost all hope that he would be able to assist us in determining a valid loss amount, culling the legitimate billings from the fraudulent ones, or otherwise be able to comprehend the proceedings.