**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO: 14-CR-10067 |
| | ) | |
| FATHALLA MASHALI | ) | |

**GOVERNMENT'S MOTION TO PROCEED WITH COMPETENCY DETERMIANTION WITHOUT AN EVIDENTIARY HEARING AND FOR A FINDING OF COMPETENCY**

The United States of America submits this motion in light of the January 8, 2018 forensic report by Dr. Shawn E. Channell, Forensic Psychologist, FMC-Devens, MA. Dr. Channell observed and evaluated Mashali during an uninterrupted five-month period from July 31 to December 29, 2017 at FMC-Devens, MA, pursuant to the Court's July 26, 2017 order under 18 U.S.C. § 4241. [D. 345]. Dr. Channell reviewed over a decade's worth of Mashali's voluminous medical records. Among other pertinent information, he considered the observations and conclusions of independent as well as retained mental competency experts who had evaluated Mashali since the inception of this criminal case. Dr. Channell determined that Mashali was "competent to proceed with his legal case" and that Mashali was "malingering mental health, medical, and cognitive impairment in an effort to manipulate the outcome of his legal case." Channell Forensic Report at 25.

The Court need not conduct yet another evidentiary hearing under § 4241 where it had already ordered a prior competency

evaluation by court-appointed psychiatrist Dr. Alison Fife, conducted a formal evidentiary hearing that included Dr. Fife's and other witnesses' testimonies, issued an Order containing detailed findings of fact, and concluded that Mashali was competent and that "the evidence does not show that [Mashali] is unable to assist his counsel – rather, he appears simply unwilling to do so." [D. 276 at 8]. Under these circumstances and First Circuit precedent, the Court can assess, without taking additional testimony, Dr. Channell's forensic report as well as other information submitted to the Court since September 9, 2016, the date the Court issued its Order finding Mashali competent.

Multiple appellate decisions in this Circuit have recognized the deference due to a district court's decision not to proceed with an evidentiary hearing or even a subsequent competency evaluation under similar circumstances. *United States v. Lebron*, 76 F.3d 29, 33 (1996) ("We hold that when a qualified psychiatrist examines a defendant before he enters a plea to criminal charges, and the psychiatric report and other pertinent current information reveal that the defendant is competent to stand trial, it is not reversible error for a district court to fail or refuse to conduct a formal hearing under the provisions of 18 U.S.C. §4241(a)"); *United States v. Leggett*, 162 F.3d 237, 244-45 (1998) ("Just as we do not want to encourage defendants to fabricate symptoms of mental disorders . . . to raise doubts about their competency, we also do

2

not want to require 'district courts to order competency hearings *sua sponte* in every case where a defendant has some history of psychiatric treatment and, even vaguely, mentions the problem,'" quoting from *Lebron*, 76 F.3d at 33; *United States v. Ahrendt*, 560 F.3d 69, 71-75 (2009) (where the court already made a finding of competency under § 4241 after receiving an expert report and conducting a hearing, "later events" did not require the court "to order a reevaluation")[1]; *United States v. Harris*, 660 F.3d 47, 50 (1st Cir. 2011)("Absent unusual circumstances, a judge is not obliged to hold a formal hearing after an expert affirms the defendant's competency, unless someone or some circumstance provides good reason for doing so," citing *Lebron*, 76 F.3d at 32).

---

[1] This case bears a striking resemblance to *Ahrendt*. *Ahrendt* involved prior diagnoses of Major Depression with Psychotic Features and Personality Disorder with Narcissistic Features. 560 F.3d at 72. A forensic psychologist at FMC-Devens, and the Court relying on his report, determined that the defendant was competent. *Id.* After this determination but before the trial, the defendant's "counsel reported that his client had been evaluated by mental health professionals and in counsel's opinion, 'there are some serious problems there.'" *Id.* Prior to the trial, counsel sought, as did Mashali's counsel here, to introduce expert testimony to explain the defendant's behavior during his offense conduct. *Id.* at 72-73. The district court rejected this proposed testimony under Fed. R. Evid. 403. *Id.* at 73. On appeal, the defendant "argue[d] that the district court erred in declining to order a reevaluation of his competency." *Id.* at 74. The First Circuit concluded that in light of the first evaluation under § 4241, the defendant failed to establish "reasonable cause" for the district court "to order another reevaluation." *Id.* at 75, citing *United States v. Bruck*, 152 F.3d 40, 47 (1st Cir. 1998) (when a psychiatrist has found defendant to be competent, trial court need not hold a competency hearing absent extenuating circumstances).

Here, having ordered the first competency evaluation, having conducted a formal evidentiary hearing, and having issued detailed findings and determined that Mashali was competent, the Court could have declined to order the second competency evaluation. Out of an abundance of caution, however, the Court did order the second evaluation. Dr. Channell's forensic report is perhaps the most comprehensive and supported account of Mashali's medical history and malingering that the Court has received to date. It follows five months of uninterrupted observations and evaluation of Mashali and takes into account all of Mashali's medical records, prior opinions and evaluations by multiple psychiatrists, including the defendant's (presumably unbiased) treating physicians, court-appointed psychiatrist Dr. Alison Fife, and the experts retained separately by the parties. Dr. Channell's report is consistent with the Court's prior findings and Dr. Fife's prescient conclusion:

> [ ] Mashali is choosing not to demonstrate his capacities to stand trial, specifically by not working with his attorney on his defense, so as to avoid trial. He is doing this both through deliberate and ongoing poor self care, including poor oral intake of food and taking to bed so as to become deconditioned and weak . . . . Mashali's records since his arrest illustrate progression of weight loss and malnutrition resulting in failure to thrive, physical deconditioning from low activity, and avoidance of the legal process.

Fife's Competency Report at 11.

4

Under these circumstances, the Court is well within its discretion to rely on Dr. Channell's written report and the record through the present to rule on Mashali's competency. The government respectfully suggests that, given Dr. Channell's observations and conclusions consistent with the Court's prior findings, the Court should find Mashali competent to proceed with the sentencing stage of the case. For the same reasons, the government renews its motion under 18 U.S.C. § 3143 to order the defendant to be committed into the custody of the U.S. Marshals because he will continue to sabotage the course of these proceedings if the Court were to order him released. [*See* D. 349].

                                Respectfully submitted,

                                ANDREW E. LELLING
                                United States Attorney

                  By:   /s/ Maxim Grinberg
                        MAXIM GRINBERG, BBO# 667521
                        ABRAHAM R. GEORGE, BBO# 668949
                        Assistant U.S. Attorneys

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                  By:   /s/ Maxim Grinberg
                        MAXIM GRINBERG
                        Assistant U.S. Attorney

Date: January 16, 2018