UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 14-10067-RWZ |
| | ) |
| FATHALLA MASHALI | ) |
| Defendant. | ) |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**ZOBEL, D.J.**

WHEREAS, on April 16, 2015, a federal grand jury sitting in the District of Massachusetts returned a forty-four-count Second Superseding Indictment, charging defendant Fathalla Mashali (the "Defendant"), with Health Care Fraud, in violation of 18 U.S.C. §§ 1349, and 2 (Counts One through Twenty-Seven), Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. § 1349 (Count Twenty-Eight); and Money laundering, in violation of 18 U.S.C. §§ 1957, and 2 (Counts Twenty-Nine through Forty-Four);

WHEREAS, the Second Superseding Indictment also included a forfeiture allegation, which gave the Defendant notice that the United States intended to seek forfeiture of the following: a) pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constituted or was derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses upon conviction of the Defendant of any of the offenses alleged in Counts One through Twenty-Seven of the Second Superseding Indictment; b) pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property real or personal, that constituted, or was derived from, proceeds traceable to the commission of the offenses, upon conviction of the Defendant of the offense alleged in Count Twenty-Eight of the Second Superseding Indictment; and c) pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offenses, or any property traceable to

such property, upon conviction of the Defendant of one or more of the offenses alleged in Counts Twenty-Nine through Forty-Four of the Second Superseding Indictment;

WHEREAS, the Second Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on March 15, 2018, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty in open court to Counts One through Forty-Four of the Second Superseding Indictment, and during the hearing, the United States gave a recitation of the facts and stated that the United States intended to seek a forfeiture money judgment in the amount of fraudulently-derived proceeds traceable to the Defendant's offenses;

WHEREAS, the Defendant did not object;

WHEREAS, the United States has determined that the amount of fraudulently-derived proceeds traceable to the Defendant's offenses is $8,725,120.93, which represents the amount Medicare, Medicaid, MassHealth, and private insurance companies paid the Defendant;

WHEREAS, based on the Defendant's admissions during the plea hearing and his guilty plea on March 15, 2017, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $8,725,120.39 in United States currency, pursuant to 18 U.S.C §§ 982(a)(7), 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b);

WHEREAS, the amount of $8,725,120.39 in United States currency constitutes proceeds that the Defendant directly obtained as a result of violations of 18 U.S.C. §§ 1349, 1957; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that Ano ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.@

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $8,725,120.39 in United States currency, pursuant to 18 U.S.C. §§ 982(a)(7), and 981(a)(1)(C), and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to include substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

/s/ Rya W. Zobel
RYA W. ZOBEL
Senior United States District Judge

Dated: March 27, 2018