UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 14-10067-RWZ |
| | ) | |
| FATHALLA MASHALI, | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

**ZOBEL, D.J.**

WHEREAS, on April 16, 2015, a federal grand jury sitting in the District of

Massachusetts returned a forty-four count Second Superseding Indictment, charging defendant

Fathalla Mashali (the "Defendant") with Health Care Fraud, in violation of 18 U.S.C. §§ 1347

and 2 (Counts One through Twenty-Seven); Conspiracy to Commit Mail Fraud, in violation of

18 U.S.C. § 1349 (Count Twenty-Eight); and Money Laundering, in violation of 18 U.S.C.

§§ 1957 and 2 (Counts Twenty-Nine through Forty-Four);

WHEREAS, the Second Superseding Indictment also included a Forfeiture Allegation,

which gave the Defendant notice that the United States intended to seek forfeiture, pursuant to 18

U.S.C. § 982(a)(7), of any property, real or personal, that constituted or was derived, directly or

indirectly, from gross proceeds traceable to the commission of the offenses upon conviction of

any of the offenses alleged in Counts One through Twenty-Seven of the Second Superseding

Indictment; pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), of any property real

or personal, that constituted, or was derived from, proceeds traceable to the commission of the

offenses, upon conviction of the offense alleged in Count Twenty-Eight of the Second

Superseding Indictment; and pursuant to 18 U.S.C. § 982(a)(1), of any property, real or personal,

involved in such offenses, or any property traceable to such property, upon conviction of one or

more of the offenses alleged in Counts Twenty-Nine through Forty-Four of the Second

Superseding Indictment, including but not limited to:

      a.  the real property located at 153 Pine Street, Dover, Massachusetts, including all buildings, appurtenances and improvements thereon, more particularly described in a Quitclaim Deed recorded at Book 29458, Page 487 at the Norfolk County Registry of Deeds; and

      b.  the real property located at 2011 N. Ocean Boulevard, Unit 1401 E, Fort Lauderdale, Florida, including all buildings, appurtenances and improvements thereon, more particularly described in a Special Warranty Deed recorded at Book 39648, Page 1174 and in a Corrective Special Warranty Deed recorded at Book 41458, Page 1089 at the Broward County Commission

(collectively, the "Real Properties");

WHEREAS, on March 2, 2017, the United States filed a Bill of Particulars for Forfeiture

of Assets, providing notice of specific property that the United States intended to forfeit pursuant

to 18 U.S.C. §§ 982(a)(7), 981(a)(1)(C), and 28 U.S.C. § 2461(c) as a result of violations of 18

U.S.C. §§ 1347, 2, 1349, and §§ 1957, 2;

WHEREAS, the Bill of Particulars identified the following property as subject to

forfeiture:

      a.  All funds on deposit in College Counts 529 Fund account number 352-921-154, held in the name of Noha Elkadry Mashali, up to $20,000;

      b.  All funds on deposit in College Counts 529 Fund account number 352-921-155, held in the name of Noha Elkadry Mashali, up to $20,000;

      c.  All funds on deposit in College Counts 529 Fund account number 352-921-156, held in the name of Noha Elkadry Mashali, up to $20,000; and

      d.  All funds on deposit in College Counts 529 Fund account number 352-921-157, held in the name of Noha Elkadry Mashali, up to $20,000

(collectively, the "Accounts") (collectively, the Real Properties and the Accounts, the

"Properties");

WHEREAS, the Second Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on March 15, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Forty-Four of the Second Superseding Indictment, and during the hearing, the United States gave a recitation of the facts, referenced the Properties being forfeited, and described how the Properties being forfeited constituted property, real or personal, derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, alleged in Counts One through Twenty-Seven of the Second Superseding Indictment; property, real or personal, derived from, proceeds traceable to the commission of the offense, alleged in Count Twenty-Eight of the Second Superseding Indictment; and property, real or personal, involved in such offenses, or any property traceable to such property, of the offenses alleged in Counts Twenty-Nine through Forty-four of the Second Superseding Indictment, and the Defendant did not object;

WHEREAS, in light of the Defendant's guilty plea, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, and

3

accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 982(a)(7), 981(a)(1)(C), and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant 18 U.S.C. §§ 982(a)(7), 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.     The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

2.     The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.     Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. §§ 982(a)(7), 981(a)(1)(C) and 28 U.S.C. § 2461(c).

4.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

5.     Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

6.     Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b)(1), and

4

28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

7.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8.      Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

9.      Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. §§ 982(a)(7), 981(a)(1)(C), and 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

RYAN W. ZOBEL
Senior United States District Judge

Dated: March 22, 2018

6