UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>FATHALLA MASHALI, )<br>          Defendant. ) | Criminal No. 14-10067-RWZ |

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE
FOR SUBSTITUTE ASSETS IN PARTIAL SATISFACTION OF MONEY JUDGMENT**

      The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment in the above-captioned case, pursuant to 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), both incorporating 21 U.S.C. § 853(p), and Rule 32.2(e) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment is submitted herewith. In support thereof, the United States sets forth the following:

      1.     On April 16, 2015, a federal grand jury sitting in the District of Massachusetts returned a forty-four-count Second Superseding Indictment, charging defendant Fathalla Mashali (the "Defendant"), with Health Care Fraud, in violation of 18 U.S.C. §§ 1349, and 2 (Counts One through Twenty-Seven), Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. § 1349 (Count Twenty-Eight); and Money Laundering, in violation of 18 U.S.C. §§ 1957, and 2 (Counts Twenty-Nine through Forty-Four).

      2.     The Second Superseding Indictment also included a Forfeiture Allegation, which gave the Defendant notice that the United States intended to seek forfeiture of the following: a) pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constituted or was derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses upon

conviction of the Defendant of one or more of the offenses alleged in Counts One through Twenty-Seven of the Second Superseding Indictment; b) pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property real or personal, that constituted, or was derived from, proceeds traceable to the commission of the offenses, upon conviction of the Defendant of the offense alleged in Count Twenty-Eight of the Second Superseding Indictment; and c) pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offenses, or any property traceable to such property, upon conviction of the Defendant of one or more of the offenses alleged in Counts Twenty-Nine through Forty-Four of the Second Superseding Indictment.

3. The Second Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, identified in Paragraph 3 above, pursuant to 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), both incorporating 21 U.S.C. § 853(p).

4. On March 15, 2018, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Forty-Four of the Second Superseding Indictment. During the hearing, the United States gave a recitation of the facts and stated that the United States intended to seek a forfeiture money judgment in the amount of fraudulently-derived proceeds traceable to the Defendant's offenses.

5. On March 22, 2018, the Court sentenced the Defendant to 96 months incarceration, followed by a term of three years of supervised release, and ordered the Defendant to pay

restitution in the amount of $8,725,120.93 and a special assessment in the amount of $4,400.

6. On March 22, 2011, this Court also issued an Order of Forfeiture (Money Judgment) against the Defendant, in the amount of $8,725,120.39 in United States currency, pursuant to 18 U.S.C. §§ 982(a)(7), and 981(a)(1)(C), and 28 U.S.C. § 2461(c). *See* Docket No. 378.

7. Pursuant to the Order of Forfeiture (Money Judgment) and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the Court also ordered that the United States was entitled to amend its Order of Forfeiture (Money Judgment) at any time to include substitute property having a value not to exceed $8,725,120.39 in United States currency, to satisfy the Order of Forfeiture (Money Judgment) in whole or in part. *Id.*

8. The United States has identified the following property as subject to forfeiture:

   a. $1,848.22 from Ameritrade IRA account number ending in 0501, held by the United States District Court for the District of Massachusetts as an appearance bond for Mathalla Mashali;

   b. $64,955.57 from Mutual of America Pension account number ending in 24-0, held by the United States District Court for the District of Massachusetts as an appearance bond for Mathalla Mashali;

   c. $28,119.97 from Charles Schwab account number ending in 0280, held by the United States District Court for the District of Massachusetts as an appearance bond for Mathalla Mashali;

   d. $116,687.52 from Mutual of America account number ending in 3552, held by the United States District Court for the District of Massachusetts as an appearance bond for Mathalla Mashali;

   e. all funds on deposit up to $8,725,120.39 from Ameritrade IRA account number ending in 0501;

   f. all funds on deposit up to $8,725,120.39 from Mutual of America Pension account number ending in 24-0;

   g. all funds on deposit up to $8,725,120.39 from Charles Schwab account number ending in 0280; and

    h. all funds on deposit up to $8,725,120.39 from Mutual of America account number ending in 3552

(collectively, the "Properties").

  9. Pursuant to this Court's March 22, 2018 Order of Forfeiture (Money Judgment), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment against the Properties. Further, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, such Preliminary Order should authorize the United States to seize and maintain the Properties in its secure custody and control.

  10. Upon the issuance of a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment, and pursuant to 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days, notice of the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment, and notice of the United States' intent to dispose of the Properties on the government website www.forfeiture.gov, and notice that any person, other than the Defendant having or claiming a legal interest in the Properties, must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

  11. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Properties, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

a) enter an Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment, in the form submitted herewith;

b) authorize the United States Marshals Service to take immediate custody of the Properties; and

c) retain jurisdiction in this case for the purpose of enforcing the Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney,

By: */s/ Doreen M. Rachal*
DOREEN M. RACHAL, B.B.O. #667837
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Dated: April 18, 2018      doreen.rachal@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the United States' Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment, and the proposed Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment, were filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Doreen M. Rachal*
DOREEN M. RACHAL
Dated: April 18, 2018      Assistant United States Attorney