UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 14-10067-RWZ |
| | ) | |
| FATHALLA MASHALI, | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS**
**IN PARTIAL SATISFACTION OF MONEY JUDGMENT**

**ZOBEL, D.J.**

WHEREAS, on April 16, 2015, a federal grand jury sitting in the District of Massachusetts returned a forty-four-count Second Superseding Indictment, charging defendant Fathalla Mashali (the "Defendant"), with Health Care Fraud, in violation of 18 U.S.C. §§ 1349, and 2 (Counts One through Twenty-Seven), Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. § 1349 (Count Twenty-Eight); and Money Laundering, in violation of 18 U.S.C. §§ 1957, and 2 (Counts Twenty-Nine through Forty-Four);

WHEREAS, the Second Superseding Indictment also included a Forfeiture Allegation, which gave the Defendant notice that the United States intended to seek forfeiture of the following: a) pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constituted or was derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Twenty-Seven of the Second Superseding Indictment; b) pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property real or personal, that constituted, or was derived from, proceeds traceable to the commission of the offenses, upon conviction of the Defendant of the offense alleged in Count Twenty-Eight of the Second Superseding Indictment; and c) pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offenses, or any property traceable to

such property, upon conviction of the Defendant of one or more of the offenses alleged in Counts Twenty-Nine through Forty-Four of the Second Superseding Indictment;

WHEREAS, the Second Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, identified above, pursuant to 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), both incorporating 21 U.S.C. § 853(p);

WHEREAS, on March 15, 2018, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Forty-Four of the Second Superseding Indictment; and during the hearing, the United States gave a recitation of the facts and stated that the United States intended to seek a forfeiture money judgment in the amount of fraudulently-derived proceeds traceable to the Defendant's offenses;

WHEREAS, on March 22, 2018, the Court sentenced the Defendant to 96 months incarceration, followed by a term of three years of supervised release, and ordered the Defendant to pay restitution in the amount of $8,725,120.93 and a special assessment in the amount of $4,400;

WHEREAS, on March 22, 2011, this Court also issued an Order of Forfeiture (Money Judgment) against the Defendant, in the amount of $8,725,120.39 in United States currency, pursuant to 18 U.S.C. §§ 982(a)(7), and 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, pursuant to the Order of Forfeiture (Money Judgment) and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the Court also ordered that the United States was entitled to

amend its Order of Forfeiture (Money Judgment) at any time to include substitute property having

a value not to exceed $8,725,120.39 in United States currency, to satisfy the Order of Forfeiture

(Money Judgment) in whole or in part;

WHEREAS, the United States has identified the following property subject to forfeiture:

a.  $1,848.22 from Ameritrade IRA account number ending in 0501, held by the United States District Court for the District of Massachusetts as an appearance bond for Mathalla Mashali;

b.  $64,955.57 from Mutual of America Pension account number ending in 24-0, held by the United States District Court for the District of Massachusetts as an appearance bond for Mathalla Mashali;

c.  $28,119.97 from Charles Schwab account number ending in 0280, held by the United States District Court for the District of Massachusetts as an appearance bond for Mathalla Mashali;

d.  $116,687.52 from Mutual of America account number ending in 3552, held by the United States District Court for the District of Massachusetts as an appearance bond for Mathalla Mashali;

e.  all funds on deposit up to $8,725,120.39 from Ameritrade IRA account number ending in 0501;

f.  all funds on deposit up to $8,725,120.39 from Mutual of America Pension account number ending in 24-0;

g.  all funds on deposit up to $8,725,120.39 from Charles Schwab account number ending in 0280; and

h.  all funds on deposit up to $8,725,120.39 from Mutual of America account number ending in 3552

(collectively the "Properties"); and

WHEREAS, pursuant to the Court's March 22, 2018 Order of Forfeiture (Money

Judgment), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is now

entitled to a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money

Judgment against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.      Pursuant to the Court's March 22, 2018, Order of Forfeiture (Money Judgment) and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the Court finds that the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p).

2.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain it in its secure custody and control.

3.      Pursuant to 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), both incorporating 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment and notice of the United States' intent to dispose of the Properties.

4.      Pursuant to 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), both incorporating 21 U.S.C. § 853(n)(1), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

5.      Pursuant to 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), both incorporating 21 U.S.C. § 853(n)(1), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed

by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's

right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the

right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the

relief sought.

6.      Pursuant to 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), both incorporating 21

U.S.C. § 853(n)(1), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6),

or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2)

for the filing of such petitions, the United States of America shall have clear title to the Properties.

7.      Upon adjudication of all third party interests, this Court will enter a Final Order of

Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment, pursuant to 18 U.S.C.

§ 982(b)(1), and 28 U.S.C. § 2461(c), both incorporating 21 U.S.C. § 853(n)(1), and Rule 32.2(c) of

the Federal Rules of Criminal Procedure, in which all interests will be addressed.


Dated: _____          _____

                                          RYA W. ZOBEL
                                          United States District Judge