UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 14-10067-RWZ |
| ) | |
| FATHALLA MASHALI, ) | |
| Defendant. ) | |

## AMENDED ORDER FOR INTERLOCUTORY SALE (FLORIDA PROEPERTY)

It is hereby ORDERED, ADJUDGED, and DECREED that:

The United States' Motion for Interlocutory Sale of the following property is allowed:

the Condominium Unit No. 1401N of VUE, a Condominium according to the Declaration of Condominium thereof, dated and recorded March 21, 2005, in Official Records Book 39272, at Page 1793, in the Public Records of Broward County, Florida, together with the exhibits attached thereto, a/k/a 2011 N. Ocean Blvd., Unit N 1401, Fort Lauderdale, FL 33305, Parcel ID: 4943 30 AN 1430 (the "Real Property").

The United States Marshals Service ("USMS") shall dispose of the Real Property as provided by law. The interlocutory sale of the Real Property shall take place on the following terms:

    a.    The USMS shall sell the Real Property and shall arrange for, and shall have sole control of, the sale of the Real Property in a commercially reasonable manner and in accordance with the regulations prescribed by the Department of Justice and the policies regarding the disposition of properties subject to forfeiture. The USMS may, among other things, retain professionals in its reasonable best efforts to auction and/or sell the Real Property at the highest possible price and in a commercially reasonable manner. The USMS shall have sole discretion in negotiating, accepting, and rejecting offers for the Real Property.

b. In furtherance of the interlocutory sale, the USMS will retain a licensed, certified real estate appraiser to perform an appraisal of the Real Property. The Defendant and any other interested party agree that they will fully cooperate with the USMS for purposes of the appraisal, in that they agree to the following:

   i. Provide all keys to the USMS immediately following the entry of the herein Order;

   ii. Allow the appraiser full access to the Real Property;

   iii. If there are tenants residing in the Real Property, the Defendant agrees to provide the rent roll (the list of renters and the amount of rent paid by each) for the Real Property and provide the last three years of operating expenses for the Real Property;

c. After the above-referenced appraisals have been completed, the United States shall promptly provide copies of the reports to the Defendant, through his attorney of record. If the Defendant disagrees with the value of the Real Property determined by the appraiser, said Defendant shall have the right, at his own expense, to have the property appraised by a licensed certified real estate appraiser of his choosing but such appraisal shall be completed within ten (10) days of receipt of the United States' appraisal. If there remains a dispute regarding the United States' proposed purchase price, the United States and the Defendant (collectively, the "Parties") agree that the Court shall determine the offering price based on the information/documents presented.

d. There will be no minimum sales price for the Real property. However, if the

Real Property is subject to a note/mortgage/lien, the property shall be sold at an amount that fully covers the note/mortgage/lien, unless the lienholder and/or mortgagee agree to accept a lower amount and agree to discharge the lien/note/mortgage.

e. The USMS may, in its sole discretion, reject any offer to purchase the Real Property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

f. The net proceeds of the sale of the Real Property will be deposited in the Department of Justice Asset Forfeiture Suspense Account and substituted as the property in this action pending a final judgment in this case.

g. The net proceeds of the sale of the Real Property will include all money realized from the sale of the property, less the following, in order of priority:

   i. All costs incurred by the USMS in connection with the maintenance, repair, marketing and sale of the property;
   ii. Real estate commissions, if any;
   iii. Condominium Association fees;
   iv. Escrow fees;
   v. Document recording fees not paid by the buyer;
   vi. Title fees;
   vii. County transfer taxes;
   viii. The amounts due to mortgagee(s)/lienholder(s);
   ix. Amounts due the holder of any other valid lien which was recorded prior to the filing of the United States' Notice of *Lis Pendens*;

    x. Real estate property taxes, which are due and owing; and

    xi. Insurance costs, if any.

 h. The Defendant, and any other interested party, shall execute in a timely manner, all documents necessary to ensure the conveyance of the Real Property to the buyer.

SO ORDERED AND ENDORSED:

*/s/ Rya W. Zobel*

RYA W. ZOBEL
United States District Judge

Dated: June 26, 2018