UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 14-10067-RWZ |
| ) | |
| FATHALLA MASHALI, ) | |
| Defendant. ) | |

## AMENDED PRELIMINARY ORDER OF FORFEITURE (FLORIDA PROPERTY)

**ZOBEL, D.J.**

WHEREAS, on April 16, 2015, a federal grand jury sitting in the District of Massachusetts returned a forty-four count Second Superseding Indictment, charging defendant Fathalla Mashali (the "Defendant") with Health Care Fraud, in violation of 18 U.S.C. §§ 1347, and 2 (Counts One through Twenty-Seven); Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. § 1349 (Count Twenty-Eight); and Money Laundering, in violation of 18 U.S.C. §§ 1957, and 2 (Counts Twenty-Nine through Forty-Four);

WHEREAS, the Second Superseding Indictment also included a Forfeiture Allegation, which gave the Defendant notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 982(a)(7), of any property, real or personal, that constituted, or was derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Twenty-Seven of the Second Superseding Indictment; pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), of any property real or personal, that constituted, or was derived from, proceeds traceable to the commission of the offenses, upon conviction of the offense alleged in Count Twenty-Eight of the Second Superseding Indictment; and pursuant to 18 U.S.C. § 982(a)(1), of any property, real or personal, involved in such offenses, or any property traceable to such property, upon conviction

1

of one or more of the offenses alleged in Counts Twenty-Nine through Forty-Four of the Second Superseding Indictment, including but not limited to:

    a. the real property located at 153 Pine Street, Dover, Massachusetts, including all buildings, appurtenances and improvements thereon, more particularly described in a Quitclaim Deed recorded at Book 29458, Page 487 at the Norfolk County Registry of Deeds; and

    b. the Condominium Unit No. 1401N of VUE, a Condominium according to the Declaration of Condominium thereof, dated and recorded March 21, 2005, in Official Records Book 39272, at Page 1793, in the Public Records of Broward County, Florida, together with the exhibits attached thereto, a/k/a 2011 N. Ocean Blvd., Unit N 1401, Fort Lauderdale, FL 33305, Parcel ID: 4943 30 AN 1430 (the "Real Property");[1]

WHEREAS, the Second Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described above, pursuant to 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on March 15, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Forty-Four of the Second Superseding Indictment, and during the hearing, the United States gave a recitation of the facts, referenced the Real Property, among other assets, subject to forfeiture, and described how the Real Property being forfeited constituted property, real or personal, derived, directly or indirectly, from

---

[1] The Second Superseding Indictment, the Preliminary Order of Forfeiture, and the Order for Interlocutory Sale (Florida Property) contained a typographical error relating to the description of the Real Property, and accordingly, this Order includes the corrected description.

gross proceeds traceable to the commission of the offense, alleged in Counts One through Twenty-Seven of the Second Superseding Indictment; property, real or personal, derived from, proceeds traceable to the commission of the offense, alleged in Count Twenty-Eight of the Second Superseding Indictment; and property, real or personal, involved in such offenses, or any property traceable to such property, of the offenses alleged in Counts Twenty-Nine through Forty-four of the Second Superseding Indictment, and the Defendant did not object;

WHEREAS, in light of the Defendant's guilty plea, the United States has established the requisite nexus between the Real Property and the offenses to which the Defendant pled guilty, and accordingly, the Real Property is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 982(a)(7), 981(a)(1)(C), and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant 18 U.S.C. §§ 982(a)(7), 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to an Amended Preliminary Order of Forfeiture against the Real Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.  The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Real Property and the offenses to which the Defendant pled guilty.

2.  The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.  Accordingly, all of the Defendant's interests in the Real Property is hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. §§ 982(a)(7), 981(a)(1)(C) and 28 U.S.C. § 2461(c).

4.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United

3

States is hereby authorized to seize the Real Property and maintain the Real Property in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Amended Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Real Property.

6. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Real Property to be forfeited.

7. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Real Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Real Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Real Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Real Property, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear

title to the Real Property.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. §§ 982(a)(7), 981(a)(1)(C), and 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Amended Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

Dated: June 27, 2018

_____
RYA W. ZOBEL
Senior United States District Judge